SCHOOL DISTRICT NO. 30 OF HALL COUNTY V. SCHOOL DIS-
TRICT OF THE CITY OF GRAND ISLAND.

FILED NOVEMBER 20, 1901.   No. 10,387.

Commissioner's opinion, Department No. 3.

1. **School District**: LICENSE MONEY. A school district is not entitled
   to any of the proceeds of the fines and license money collected
   under the ordinances of a city, unless some part of its territory
   is included within the territorial limits of such city.

2. **Boundaries of City**: ORDINANCE. An ordinance defining the bound-
   aries of a city can not be accepted as evidence of the annexa-
   tion of contiguous territory, not included in the corporate limits
   prior to the passage of such ordinance.

ERROR from the district court for Hall county. Tried
below before THOMPSON, J. *Affirmed.*

*I. J. Dunn, Charles G. Ryan* and *R. R. Horth,* for plain-
tiff in error.

*W. H. Thompson* and *Othman A. Abbott, contra.*

DUFFIE, C.

This action was brought to recover from the defendant
a portion of the fines and licenses collected by the city of
Grand Island during the years 1893, 1894 and 1895. The
petition alleges that part of the territory comprising
school district No. 30 lies within the corporate limits of
the city of Grand Island, and that it is entitled to recover
its proportionate share of fines and license money col-
lected by said city, which have all been paid to the de-
fendant. A demurrer to the petition was sustained and
the plaintiff asks us to review this ruling.

*State v. Brodboll,* 28 Nebr., 254, and *State v. White,* 29
Nebr., 288, are both authority to the effect that where a
part of two or more school districts is embraced within

the corporate limits of a city or village, they are entitled to a division of the fines and license money collected by such municipality. The petition in this case alleges that a part of plaintiff's territory was included within the corporate limits of the city of Grand Island by an ordinance passed by the city council in February, 1888. An examination of sections 95 and 99, chapter 14, Compiled Statutes, 1887, will disclose that there were, at that time, but two methods of attaching contiguous territory to a city of the second class. The first method required a request for annexation by a majority of the inhabitants of the territory proposed to be annexed, and an affirmative vote of a majority of all the members of the city council in favor of said annexation. The second was by proceedings in the district court. It is nowhere alleged in the petition that either of these methods was pursued by the city of Grand Island in annexing a part of the plaintiff's territory. On the contrary, what is claimed to have that effect is set out in the petition and is shown to be an ordinance which merely defines the corporate limits of the city. This ordinance does not, upon its face, purport to annex any territory not theretofore included within the boundaries of the city. If the proceedings alleged in the petition are the only proceedings undertaken to make a part of plaintiff's territory a part of the city of Grand Island, it was wholly ineffectual; and while the city and the inhabitants of so much of plaintiff's territory as is within the limits of the city as defined by said ordinance might be estopped, as between themselves, from questioning their relation on account of matters alleged in the petition, such estoppel could not be urged against a third person who had done nothing to recognize the relation which plaintiff claims existed between this territory and the city.

We are of the opinion that the district court was right in sustaining the demurrer, and we recommend that the ruling of the district court be affirmed and the case remanded with directions to allow the plaintiff to amend,

and show, if it can, that a part of its territory is legally within the territorial limits of the city of Grand Island.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and the case remanded with directions to allow the plaintiff to amend its petition if it so elect; otherwise the judgment appealed from to become final.

JUDGMENT ACCORDINGLY.