PETER HEMPLE ET AL., APPELLEES, V. CITY OF HASTINGS,
APPELLANT.

FILED JULY 12, 1907. No. 14,858.

1. Cities: ADDITIONS. The subdivision into lots of property contiguous to but outside the corporate limits of a city, and the filing of a plat of such subdivision by the owner thereof, does not have the effect of changing the boundaries of the city so as to include therein such property.

2. ——: ——. Where proceedings are had to incorporate a city, or to add to the territory of one already existing, if the body exercising the power to establish or attach the territory possesses jurisdiction, its action cannot be collaterally attacked; but this rule does not apply where there is no attempt to exercise such jurisdiction except the act of the county clerk in extending upon the tax list city taxes against property outside the city limits.

3. ——: TAXATION: ILLEGAL LEVY: INJUNCTION. The levy of city taxes upon property outside its boundaries is without authority, and such taxes are illegal and void as to such property, and their collection may be restrained by injunction.

APPEAL from the district court for Adams county: ED L. ADAMS, JUDGE. *Affirmed.*

*W. F. Button,* for appellant.

*R. A. Batty, F. P. Olmstead* and *John Snider, contra.*

CALKINS, C.

In 1887 one Bostwick, being the owner of a tract of land contiguous to, but not within, the corporate limits of the city of Hastings, subdivided the same into blocks and lots, and, having made a plat thereof as provided by statute, caused the same to be recorded in the office of the register of deeds of Adams county. In this plat and the certificate attached, the subdivision was called "Bostwick's Second Addition to Hastings." No ordinance was passed by the city, nor was any proceeding had or taken,

by which the property in question was included or attempted to be included within the corporate bounds of the city, but city taxes were levied against the same for the years 1888, 1889, 1890, 1891. In 1891 the then owners vacated the plat under the provisions of the statute, and no city taxes were levied against the same until the year 1904, in which year, as well as in 1905, the county clerk extended upon the tax list city taxes levied by the city of Hastings as against these lands. The plaintiffs having become the owners of the land at this time brought an action in the district court to declare such taxes void and to restrain their collection. This action resulted in a decree for the plaintiffs, from which the defendant, the city of Hastings, appeals.

1. The filing of a plat by the owner of property contiguous to, but outside, the corporate limits of a city does not have the effect of changing the boundaries of the city so as to include such property. The power to establish and change boundaries of a municipal corporation is a legislative one, and must be exercised either directly or in the method prescribed in the constituent act or other statute upon the subject. 1 Dillon, Municipal Corporations (4th. ed.), sec. 124; *City of Hastings v. Hansen,* 44 Neb. 704. It has sometimes been provided that the subdivision of property into city lots should be the test whether it is rural or urban in its character, and that the circumstance of such subdivision should be one of the jurisdictional facts upon which to found proceedings to extend the boundaries so as to include within the corporate limits of the city such property; but it has nowhere been provided that the filing of such a plat should of itself have that effect.

2. It is contended by the defendant that the question whether this land was within or without the city limits cannot be determined in a suit to declare the taxes invalid. It is said that to so proceed is to attack collaterally the validity of the organization; and we are cited to the cases of *South Platte Land Co. v. Buffalo County,*

15 Neb. 605, and *McClay v. City of Lincoln*, 32 Neb. 412, to sustain this proposition. In the former case the town of Kearney was incorporated under the act of 1866, which provided that, if a majority of the taxable inhabitants of any town should present a petition to the county commissioners designating the name they wished to assume, etc., such commissioners, upon being satisfied that a majority of the taxable inhabitants had signed such petition, might declare the town incorporated. The boundaries, as stated in the petition and the order of the county commissioners, included a large amount of agricultural land. The owners of this land, some 12 years after the incorporation, brought an injunction suit to restrain the collection of taxes, on the ground that the land, being purely agricultural land, could not be included within the boundaries of the corporation nor subject to municipal taxation. The court held that the petition for incorporation gave the commissioners jurisdiction, and that, there being no allegation of fraud brought, their action could not be collaterally attacked. This case and the cases following it establish no more than that, where there are proceedings to incorporate a city or to add to the territory of one already existing, if the body exercising the power to establish or to attach territory possesses jurisdiction of the subject matter, its action cannot be collaterally attacked. In cases, however, where the body essaying to exercise this power does so without jurisdiction, its action is void and may be collaterally attacked. *State v. Several Parcels of Land*, 78 Neb. 703; *Forsythe v. City of Hammond*, 142 Ind. 505, 30 L. R. A. 576. If the city of Hastings had instituted proceedings to include the land in question within its limits, and had gone so far as to acquire jurisdiction, the decision in such case could not be collaterally attacked, no matter how erroneous it might have been. In this case there was no attempt to acquire or to exercise jurisdiction, and the principle relied upon by the defendant has no application to the facts.

3. It is further contended that a suit for injunction will

not lie because of the provision of section 162 of the revenue act, which is that an injunction shall not be granted to restrain the collection of a tax, except such tax, or the part thereof enjoined, be levied or assessed for an illegal or unauthorized purpose. Section 144 of the revenue law of 1879 contained the provision above referred to, and was frequently the subject of judicial construction. It was settled that, where a tax is void, i. e., where there is no tax which the plaintiff is in equity bound to pay, he may invoke the aid of a court of equity to protect his rights by injunction, notwithstanding such provision. *Earl v. Duras,* 13 Neb. 234; *Burlington & M. R. R. Co. v. Cass County,* 16 Neb. 136; *Touzalin v. City of Omaha,* 25 Neb. 817; *Bellevue Improvement Co. v. Village of Bellevue,* 39 Neb. 876. The levy of a tax by a municipal corporation upon property outside its boundaries is without authority and illegal. *Thatcher v. Adams County,* 19 Neb. 485.

We therefore recommend that the judgment of the district court be affirmed.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.