VILLAGE OF WAKEFIELD, APPELLEE, v. FRED W. UTECHT ET AL., APPELLANTS.

FILED NOVEMBER 14, 1911.   No. 16,947.

1. **Municipal Corporations: ANNEXATION OF TERRITORY.** Section 8977, Ann. St. 1909, construed, and *held* broad enough to permit a village located upon the border of one county, in a proper case, to annex contiguous territory situated in an adjacent county.

2. ———: ———: BURDEN OF PROOF. In an action to annex additional territory to a village, the burden is upon the village to establish by sufficient averments and evidence that the territory sought to be annexed will be benefited by the annexation, or that justice and equity require that such territory be annexed.

3. Evidence examined and set out in the opinion *held* not sufficient to sustain the decree.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. *Reversed.*

*Frank A. Berry* and *Frederick S. Berry,* for appellants.

*J. M. Paul* and *A. R. Davis, contra.*

FAWCETT, J.

The village of Wakefield, incorporated and lying in Dixon county, and bordering on Wayne county, presented its petition to the district court of the latter county for the annexation of certain territory within that county to the corporate limits of said village. From a decree annexing such lands defendants have appealed.

The grounds urged for a reversal are (*a*) that the evidence is insufficient to support the findings and decree; and (*b*) that the court was without authority to annex to a village in one county contiguous territory lying in another county. We will consider these two assignments in reverse order.

Defendants contend that there is no law in this state which authorizes a village situated in one county to annex contiguous territory lying in another county; that "section 9034 of the same statute (Ann. St. 1909) gives to a village the authority to annex territory of an adjoining county when the said village is located in two or more counties. This act was passed in 1903, and the legislature recognized the fact that under the law a village incorporated such as Wakefield had no authority to annex contiguous territory of another county, but the legislature has not yet passed a law that authorizes annexation of the territory in another county where the village is wholly located within one county." They cite *Tabor & N. R. Co. v. Dyson,* 86 Ia. 310, in support of their contention. An examination of the case shows that the statute under

which the town of Tabor was incorporated provides, "The inhabitants of any part of any county" may incorporate; and the court say: "The act permitting original incorporation limits the organization to 'the inhabitants of any part of any county,' and we think a fair construction of the provisions for annexation means that extensions may be made within the county. No reason exists, to our minds, why there should be a limitation at the original organization of an incorporation to a part of one county, and then permit it, by annexation, to embrace parts of two or more counties. The reasons against such an organization are as actual and manifest in one case, as in the other." When the Iowa statute is compared with section 8881, Ann. St. 1909, under which it is conceded plaintiff village was incorporated, it will be seen that the above authority is not in point. The Iowa statute limits a village, when incorporating, to "the inhabitants of any part of any county," showing that such incorporation is clearly limited to the inhabitants of the county within which the village is situated; while our statute (section 8881) contains no such limitation. It reads: "Any town or village containing not less than two hundred nor more than fifteen hundred inhabitants, now incorporated as a city, town, or village, under the laws of this state, or that shall hereafter become organized pursuant to the provisions of this act,  *   *   *   shall be a village, and shall have the rights, powers and immunities hereinafter granted, and none other, and shall be governed by the provisions of this subdivision," etc.

As will be seen, there is nothing in section 8881 which in terms forbids the incorporation of a village situated in two or more counties. Section 8881 down to the "star" was enacted in 1879. Laws 1879, p. 202. In 1881 (laws 1881, ch. 22) the other portion of the section was added, and at the same time section 99 of the act of 1879 was amended so as to read as it now appears as section 8977, Ann. St. 1909. That section provides for the an-

nexation of contiguous territory. It reads: "When any city or village shall desire to annex to its corporate limits any contiguous territory, whether such territory be in fact subdivided into tracts or parcels of ten acres or less, or be not so subdivided, the council or board of trustees of said corporation shall vote upon the question of such annexation, and if a resolution to annex such territory, describing the same in general terms, be adopted by two-thirds vote of all the members elect of such council or board of trustees, said resolution, and the vote thereon, shall be spread upon the records of said council or board. Said city or village may thereupon present to the district court of the county in which such territory lies, a petition praying for the annexation of such territory, together with an accurate plat or map of the same. * * * If the court find the allegations of the petition to be true, and that such territory, or any part thereof, would receive material benefit by its annexation to such corporation, or that justice and equity require such annexation of said territory, or any part thereof, a decree shall be entered accordingly; and a copy of the decree of said court, duly certified under the seal thereof, together with a plat of the territory with a proper description thereof, so to be annexed * * * shall be filed and recor _u in the office of the county clerk or recorder of the county in which such territory lies; and from the time of filing of such decree and plat, the territory therein described shall be included in and become a part of such city or village, and the inhabitants thereof shall receive the benefits of and be subject to the ordinances and regulations of such city or village." That the legislature, in passing this act, intended thereby to authorize a village situated upon the border of a county to annex adjacent territory lying in an adjoining county seems clear. If not, why does the act provide that the petition for the annexation of such territory shall be presented to the district court "of the county in which such territory lies," and why does it further require that a copy of the decree

of the court entered in that proceeding "shall be filed and recorded in the office of the county clerk or recorder of the county in which such territory lies"? In 1893, ten years prior to the passage of section 9034, *supra,* the legislature enacted sections 9026 to 9032, inclusive. Laws 1893, ch. 9. Section 9026 was passed for the purpose of enabling the inhabitants of any village situated in two or more counties, and which had not theretofore been incorporated, to become incorporated, and prescribed the course to be pursued in securing such incorporation. After such incorporation was effected, such village would then stand upon the same footing with other villages which had been originally incorporated under section 8881, and sections 9027 to 9032 would apply to all of such villages. Section 9027 provided for the jurisdiction of justices in such villages; section 9029, that such village could use the county jail of either county; section 9030, how the tax levy should be certified; and section 9032, that all notices and other publications required by law to be published in any county in which any part of such village is situated may be published in any newspaper published in such village, and that such publication should have the same force and effect as if published in each and every county in which any part of such village is situated. Section 9033, enacted with 9034 in 1903, provides the steps to be taken by the owners of contiguous territory who might desire to have the same annexed. Section 9034 provides: "When any city or village situated in two or more counties shall desire to annex to its corporate limits any contiguous territory, whether within the counties within which said city or village is situated or otherwise, such territory may be annexed in the manner provided by section 99 of article I, of chapter 14 of the Compiled Statutes of 1901 (8977), provided that the district court of the county in which the territory sought to be annexed is situated shall have jurisdiction, and if the territory sought to be annexed is situated in more than

one county actions shall be brought in each county in which is situated any territory which it is desired to annex."

It is, in effect, argued that that section was either unnecessary or else it should be treated as a legislative construction of the former acts, to the effect that theretofore there had existed no authority for a village to annex adjacent territory situated in an adjoining county. While this argument is not without force, it is not entirely convincing. The reference in that section to section 8977, which was enacted in 1881, and which, as we have already shown, authorized a village on the border of one county to annex adjacent territory situated in an adjoining county, shows, we think, that section 9034 was intended to apply to the law generally upon that subject, and not especially to section 9026, *supra*. The intention of the legislature evidently was to relieve the question of all uncertainty by expressly extending the power of a village situated in two counties, and which borders upon still a third county, to annex territory of such third county in the same manner which section 8977 permitted a village in one county to annex territory in a second county. We therefore hold that the provisions of section 8977, *supra,* are broad enough to permit a village located upon the border of one county, in a proper case, to annex contiguous territory situated in an adjacent county. The district court for Wayne county, therefore, did not err in taking jurisdiction in the instant case.

The contention that the decree is not sustained by the evidence is not so easily disposed of. The grounds upon which adjacent territory may be annexed by a village are well defined in *Village of Hartington v. Luge,* 33 Neb. 623, as follows: "In an action to annex certain territory to a village, it must appear from the facts stated in the petition that some portion of the territory sought to be annexed will be benefited from the annexation, or that justice and equity require its annexation, and the par-

20

ticular facts showing such benefits, or the justice and equity of the relief sought, must be alleged." If alleged, the allegation must, of course, be sustained by evidence. The rule above announced is reiterated in *Village of Syracuse v. Mapes,* 55 Neb. 738, and in *Bisenius v. City of Randolph,* 82 Neb. 520, and has become the settled rule in this court. These are the tests by which the right of a village to annex adjacent territory must be determined. The evidence in the record before us shows that, if the property of defendants is annexed, it will be done over their protest; will subject their property to materially increased taxation, and will fasten upon such property a lien for its proportion of $7,000 in water bonds, $4,500 in light bonds, all bearing interest at 5 per cent., and $1,976.75 registered, valid warrants bearing 7 per cent. interest, which remain unpaid for want of funds in the village treasury for their payment. The effect of all this (defendants in effect testified) would be to decrease the value of their real estate, and would be a damage to each of the defendants greater than the benefit to be derived by them if annexed to the village. It is clear, therefore, that under the first test alone their property should not be annexed. The court, by its decree, found the second test in favor of the village; that is to say, it found that "justice and equity require" that the territory be annexed. The case was submitted upon the testimony of one witness and a stipulation of facts. The witness referred to is the village attorney. He testified that he is acquainted with the village, with the adjacent territory, and with all of the defendants; that the defendants all live south of the corporate limits of the village, and within 500 feet of the south boundary thereof; that he knows of one water hydrant being located "pretty near the south boundary of the city limits;" that to his personal knowledge one of the defendants uses gas and water from the village plants and pays the village therefor; that the property of defendants is occupied by them for residence purposes. The stipulation admits that plaintiff is a cor-

Village of Wakefield v. Utecht.

poration wholly in Dixon county; that the lands sought to be annexed are all located in Wayne county; that the village has a system of waterworks "ample for the supply and protection of said village;" that it has a gas lighting plant; that both the water and light plants belong to the village, that the residents of the territory sought to be annexed do not pay any taxes into the village treasury; that the plats attached to plaintiff's petition are accurate; that the village has the indebtedness that we have already set out; states the levy of taxes for the years 1907, 1908 and 1909; that, if the trustees of the village were present, they would testify that the village is compactly built, and has within its corporate limits numerous churches, school buildings, merchandise and other establishments; that the object in seeking the annexation of the territory is, for the purpose "of making room for expansion of said village, and for the revenue that will be derived from taxes collected on property sought to be annexed." That is all. It is not shown that defendants have not adequate school facilities within their own outlying additions; that they make use of the numerous churches in the village; that the village streets have been opened up to the addition with sidewalks and other conveniences which defendants are using; that the gas and water plants are ample in capacity to supply the needs of the defendants, as well as those of the village; that the village has any facilities for guarding against fire or furnishing police protection to the defendants should their property be annexed. In fact, we are unable to discover anywhere in the record evidence sufficient to sustain the finding of the court that justice and equity require the annexation of the property of defendants. We think the village has failed to meet the second test above outlined.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.