WAUBONSIE BRIDGE COMPANY, APPELLEE, V. CITY OF NEBRASKA CITY ET AL., APPELLANTS.

FILED OCTOBER 21, 1932. No. 28465.

*Tyler & Peterson* and *George H. Heinke,* for appellants.

*Jessen & Dierks* and *Woods, Woods & Aitken, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

DEAN, J.

The Waubonsie Bridge Company began this action in the district court for Otoe county against Nebraska City, a municipal corporation, and Charles L. Kelly, the county treasurer, and Arthur H. Barstler, the county clerk, defendants herein, to enjoin them from collecting, or attempting to collect, city taxes for the year 1931, and all succeeding years, on the west half of the plaintiff's vehicular toll bridge which is constructed over the Missouri river at a point near Nebraska City, and which connects the state of Nebraska with the state of Iowa.

The court found and decreed that the taxes levied and assessed against the plaintiff bridge company for the year 1931 are void from the fact that no part of the west half of its bridge is within the corporate limits of Nebraska City. The defendants have appealed.

It is not contended that the taxes are excessive, nor is

it argued that there has been any irregularity in the proceedings, but the main question for determination here is whether the bridge, or any part of it, is within the corporate limits of Nebraska City and therefore subject to taxation. To this end we find it necessary to review briefly the history of Nebraska City.

The city of Nebraska City was incorporated under an act of the territorial legislature of 1855, wherein this provision appears, namely: "All the territory within the geographical limits of Nebraska City, as designated upon the plat of said city, together with all the additions that may be hereafter made thereto, according to law is hereby declared to be a city by the name of Nebraska City." Laws 1855, p. 391.

At the same legislative session Kearney City, now a part of Nebraska City, was incorporated as a city and declared to include all territory within the boundaries designated on a plat thereof. Laws 1855, p. 417.

It is the defendants' contention that the property, upon which the west half of the plaintiff's bridge is constructed, was conveyed to the mayor of Kearney City by the United States government and that it afterward was platted as required by law and included the land in question here. By an act of the legislature for 1867, Nebraska City and Kearney City were consolidated and declared to be a corporation under the name of Nebraska City. Laws 1867, p. 64.

Certain plats in the record disclose that the city is subdivided into lots up to within 160 feet of what is designated as the "levee line" along the river bank. The abutment and approach to the plaintiff's bridge are erected within this 160-foot strip of levee and do not touch the platted land belonging to the city. The levee line is parallel to the easterly side of block one of that which is known as Kearney addition to Nebraska City. And, running parallel to the plaintiff's vehicular bridge, 75 feet away, is a railroad bridge owned by the Chicago, Burlington & Quincy Railroad.

It is contended that the city has exercised continuous and adverse possession of the land in suit for more than 50 years and that the plaintiff bridge company recognized its ownership by requesting a deed thereto from the city. And it appears that, for a consideration of one dollar, a quitclaim deed was executed and delivered July 5, 1930, by the city to the company. Counsel for the city contend that the plaintiff is now estopped from denying the rights of the city to the premises.

The bridge company admits that it accepted the quitclaim deed from the city, but contends that the deed was requested for the reason that a dispute existed between the city and the Burlington railroad company as to which party was the owner of the land in suit, and that, to avoid litigation, the plaintiff applied for and was granted a deed from both the city and the railroad. But it is alleged that the deed was requested from the city, not in recognition of the city's title to the land, but solely for the purpose of assuring the plaintiff's title as against both the city and the railroad after the erection of the bridge thereon.

Substantially the same question was before this court in *Chicago, B. & Q. R. Co. v. City of Nebraska City*, 53 Neb. 453, wherein the opinion was written by Norval, J. In that case suit was instituted by the Burlington railroad to enjoin the collection of a city tax assessed in 1893 by the then city authorities upon the west half of the Burlington bridge which, as noted above, is parallel to the plaintiff's bridge. There, as in the present case, it was contended that the bridge was not within the corporate limits of the city and, therefore, the municipal authorities had no power to levy a tax thereon. It was held in the cited case that the 10 years' adverse usage by the city of the levee strip was not of itself sufficient to establish the city's title thereto and that the record did not show that the city limits had been changed by ordinance to include this adjacent territory known as the "levee 160 feet wide."

Under section 16-106, Comp. St. 1929, it is provided generally that the corporate limits of a city may be extended by ordinance to include therein all territory contiguous or adjacent thereto, and that such territory shall be subdivided into lots.

In the above cited Burlington bridge case, it appears that the city council passed an ordinance with the object in view of including within the boundaries the land in question here. But we held that the ordinance was of no effect where the land had not been subdivided into lots as provided by statute, and it was pointed out that the ordinance in all probability would not have been passed had the city council believed that the city owned the land in question by reason of 10 years' adverse usage thereof.

The plats do not show that the 160-foot strip of land has ever at any time since the decision in the Burlington bridge case been divided into lots, according to the manner provided by statute for annexing contiguous or adjacent territory to a city. The facts in that case and the present one are practically identical. That the city has certain rights to the water front will not, of course, be denied, but in the absence of an ordinance specifically including within its boundaries the levee in question, we decline to overrule our decision in *Chicago, B. & Q. R. Co. v. City of Nebraska City, supra*. We have examined other assignments advanced by the defendants but reversible error does not appear therein. We conclude that the taxes levied and assessed against the plaintiff bridge company for the year 1931 are void from the fact that no part of the west half of its bridge is within the corporate limits of Nebraska City, and, in view of the present state of the record, it is ordered that the city be permanently enjoined from levying or assessing taxes thereon.

AFFIRMED.