THE VILLAGE OF NIOBRARA, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, v. KVIDA A. TICHY ET AL., APPELLANTS.

63 N. W. 2d 867

Filed April 9, 1954. No. 33467.

*W. Keith Peterson* and *Neely, Otis & ·Cockle,* for appellants.

*Merritt C. Warren, Leo M. Williams,* and *Roscoe L. Rice,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This appeal developed from a proceeding instituted by the Village of Niobrara to annex to its corporate area outlying territory claimed to be contiguous to the village. The trial court granted annexation of the larger part of the area which the village sought to acquire as a part of its corporate territory, denied annexation of the remaining part, and denied the motion of appellants for a new trial. Appellee has not cross-appealed.

The real estate involved herein, the part thereof adjudged to be annexed to and to become and be a part of the corporate area of the village, and the part thereof refused by the trial court to be annexed to the village are respectively described in the record of this case in the district court and in this court by metes and bounds. The long and involved descriptions are not repeated. The area annexed to the village is 94.3 acres of land. It consists of 54 parcels of different size separately owned. There are 12 business buildings on 4 commercial sites and 38 dwellings. About 113 people reside in the area.

The territory annexed to and made a part of appellee is within and constitutes a part of the area of the Niobrara Rural Fire Protection District, a political subdivision of the state, organized and authorized to furnish fire protection for the property of the district. The expense and costs of the maintenance and operation of the district are provided by an annual tax not to exceed one mill upon the taxable property therein. §§ 35-501 to 35-517, R. R. S. 1943. The enlargement of the boundaries of the village to include this area subjects the property therein to taxation by the village for the cost of fire protection provided and furnished by it. § 18-1201, R. S. Supp., 1953. Appellants because of these facts

argue that the judgment is invalid; and that the effect of it is to remove the territory annexed to the village from the rural fire protection district or to violate constitutional provisions "respecting the remission of taxes from said territory to said district" or to violate constitutional provisions "respecting the uniformity of municipal tax levies in respect to persons and property."

Any intention or effort of the court to remove the territory involved in this appeal from the area of the rural fire protection district was futile for obvious reasons. The district is not a party to this litigation. Its boundaries, rights, and affairs were immune from any effective action of the court in these proceedings. Any matter concerning the boundaries of the fire protection district was not and could not have been the subject of inquiry herein because the fixing of boundaries of a political subdivision of the state is legislative. Rowe v. Ray, 120 Neb. 118, 231 N. W. 689, 70 A. L. R. 1056; Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490. The method for detaching territory from a rural fire protection district and thereby changing its boundaries is provided by statute. § 35-515, R. R. S. 1943. That method is exclusive. There is no mention in the record of remission of any tax levied for the benefit of the fire protection district. The judgment herein does not and could not have that effect. This statutory proceeding for the annexation of real estate to a village is not appropriate or competent for the trial and decision of any issue as to liability of the area to taxation or the lawfulness of any tax levied thereon. The jurisdiction of the court in proceedings of this character is restricted to an inquiry into and a determination of whether the conditions exist which authorize the annexation sought. Wagner v. City of Omaha, *supra.*

It is alleged by appellee in the petition that the area sought to be annexed is contiguous to the Village of Niobrara. This is traversed by the answer of appellants. A municipal corporation may not, without the sanction

of the state by constitutional provision or legislative enactment, annex territory to its corporate area or change its boundaries. The authority given it by its charter is strictly construed. Wagner v. City of Omaha, *supra;* Annotation, 64 A. L. R. 1341; 2 McQuillin (3d ed.), Municipal Corporations, § 7.13, p. 288. The power of a village to enlarge its corporate area is limited to annexing "contiguous territory." § 17-407, R. S. 1943; Village of Wakefield v. Utecht, 90 Neb. 252, 133 N. W. 240. Continuity of territory is a condition of the right to have annexation in a majority of jurisdictions. Annotation, 62 A. L. R. 1011; 37 Am. Jur., Municipal Corporations, § 27, p. 644. The terms "contiguous territory" and "adjacent territory" are used synonymously and interchangeably in the statute on the subject of annexation of territory to a municipality. §§ 17-407, 17-409, 17-410, R. S. 1943. The statute providing for detachment of territory from a village limits its operation to territory within and "adjacent to the corporate limits." § 17-414, R. S. Supp., 1953. It has been determined by this court that the word adjacent in this statute means contiguous or coexistent. In Jones v. City of Chadron, 156 Neb. 150, 55 N. W. 2d 495, it is said: "It is indispensable that the petition in this kind of a proceeding should show by statement of fact that the territory sought to be detached is within the municipality and that a substantial part of the boundary thereof is adjacent to a segment of the boundary of the city or village. Adjacent as used in this statute means contiguous or coexistent with." The requirement of continuity of territory in this respect is mandatory and a municipality seeking to have the advantage of annexation of territory to its corporate territory must allege and establish it. § 17-407, R. S. 1943; Jones v. City of Chadron, *supra.*

Appellee asserts that it has established that the area annexed by the judgment of the trial court is contiguous to the south and west boundaries of what is described

as Starr's Addition and is contiguous to the north and west boundaries of what is identified as Cooley's Addition. The additions each consist of 40 acres of land. The appellants say that this does not establish that any of the area annexed was contiguous to any boundary of or territory within the village. The evidence on the issue of continuity of territory is not in dispute. It consists of documents and plats made exhibits in the case. The territory referred to as additions to the Village of Niobrara and additions to West Niobrara are parts of Sections 9 and 16, Township 32, Range 6 West of the 6th P. M., Knox County.

The east half of the northwest quarter of Section 16 was platted as "West Niobrara Addition to Niobrara, Nebraska," and the plat was filed in the office of the county clerk July 19, 1881. The northwest quarter of the northwest quarter of Section 16 was platted as "Starr's Addition to West Niobrara," and the plat was filed in the office of the county clerk August 4, 1881. The southwest quarter of the southwest quarter of Section 9 was platted as "Cooley's Addition to West Niobrara," and the plat was filed in the office of the county clerk July 21, 1887.

Taxes were levied for appellee on the property within the area of the respective additions for the years stated as follows: West Niobrara, 1881, and thereafter; Starr's Addition, 1882, and thereafter; and Cooley's Addition, 1890, and thereafter.

Appellee took no action to annex the northeast quarter of the northwest quarter of Section 16 to the Village of Niobrara. The board of trustees did, by a majority vote, attempt to consent to the annexation of the southeast quarter of the northwest quarter of Section 16 and attempted by ordinance to bring it within the village. The board of trustees of the village by a majority vote attempted to consent to the annexation of the northwest quarter of the northwest quarter of Section 16 but the ordinance passed by it did not describe that land but

did describe the northwest quarter of the northeast quarter of Section 16. Appellee took no action to annex the southwest quarter of the southwest quarter of Section 9 to the Village of Niobrara. The result then is that the evidence fails to show that the north half (northeast quarter of the northwest quarter of Section 16) of what was platted as "West Niobrara Addition" has been annexed to or made a part of the Village of Niobrara. It fails to show that "Cooley's Addition to West Niobrara" has been annexed to or made a part of the village. The only ordinance of appellee in evidence intended to show the annexation of territory to the village does not describe the territory platted as Starr's Addition to West Niobrara, that is, the northwest quarter of the northwest quarter of Section 16, but it does describe the northwest quarter of the northeast quarter of Section 16. The ordinance did not recite, and appellee did not find, that Starr's Addition and Cooley's Addition were contiguous to the Village of Niobrara. The result is that Starr's Addition and Cooley's Addition were never contiguous to the Village of Niobrara and were not authorized to be annexed to it by action of the board of trustees, by ordinance or otherwise.

A village is not permitted to consent to the annexation of platted territory not contiguous to it or to attempt to take the territory into the village by ordinance. § 17-405, R. S. 1943. In 37 Am. Jur., Municipal Corporations, § 27, p. 644, the author says: "The annexation of outlying territory to a municipality is commonly conditioned by the statute authorizing the proceeding on the situation of the territory to be annexed, it being required to be adjacent or contiguous to the municipality. Under such statutes if the territory sought to be annexed is not contiguous to the municipality, the proceedings are without legal effect. * * * The legal as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, * * * a collective body * * * that is, a body of people collected or gathered to-

gether in one mass, not separated into distinct masses, and having a community of interest because residents of the same place * * *. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation. Contiguity is generally required even in the absence of statutory requirement to that effect." See, also, Wagner. v. City of Omaha, *supra;* Jones v. City of Chadron, *supra;* Annotation, 62 A. L. R. 1015; 2 McQuillin (3d ed.), Municipal Corporations, § 7.15, p. 294.

The making and filing of a plat of a subdivision of land by the owner, the dedication of streets and alleys shown on the plat, the continuous exercise by the municipality of authority thereafter over such platted area, and taxation of the territory and property thereon for municipal purposes do not annex the platted area and make it a part of the village or extend the corporate limits of the village. The reason for the insufficiency of either or all of these to have that effect is that they or any of them is not the exercise of the jurisdiction given the municipality to annex territory to it. The rule is stated in Wagner v. City of Omaha, *supra:* "A municipal corporation or its corporate authorities have no power to extend its boundaries otherwise than provided for by legislative enactment or constitutional provision. Such power may be validly delegated to municipal corporations by the legislature and where so conferred must be exercised in strict accord with the statute conferring it." In Hemple v. City of Hastings, 79 Neb. 723, 113 N. W. 187, it is said: "The subdivision into lots of property contiguous to but outside the corporate limits of a city, and the filing of a plat of such subdivision by the owner thereof, does not have the effect of changing the boundaries of the city so as to include therein such property." That was an action for injunction to prevent the collection of taxes levied upon the property constituting the platted area described as an addition to the city of Hastings. It was objected that the suit could not be

maintained because it was a collateral attack. In reference thereto the court said: "It is contended by the defendant that the question whether this land was within or without the city limits cannot be determined in a suit to declare the taxes invalid. It is said that to so proceed is to attack collaterally the validity of the organization; * * *. If the city of Hastings had instituted proceedings to include the land in question within its limits, and had gone so far as to acquire jurisdiction, the decision in such case could not be collaterally attacked, no matter how erroneous it might have been. In this case there was no attempt to acquire or to exercise jurisdiction, and the principle relied upon by the defendant has no application to the facts." Chicago, B. & Q. R. R. Co. v. City of Nebraska City, 53 Neb. 453, 73 N. W. 952, was a suit to enjoin the collection of taxes levied upon the west half of the bridge of the railroad across the Missouri River. The city relied upon an ordinance which provided that the territory described therein should be and was included in the corporate limits of the city. The ordinance did not comply with any statute giving authority to the class of cities of which Nebraska City was one to annex territory to the corporate area. It is said therein: "It is a familiar doctrine that municipal corporations can exercise only such powers as are conferred by law, either expressed or implied. Where the statute points out the mode of procedure for the extension of the boundaries of a city, the same must be substantially followed, else it will be of no validity." See, also, Waubonsie Bridge Co. v. City of Nebraska City, 123 Neb. 832, 244 N. W. 793; School District No. 30 v. School District of the City of Grand Island, 63 Neb. 44, 88 N. W. 120; Annotations, 129 A. L. R. 261, 18 A. L. R. 2d 1260.

Appellee stresses an ordinance of the Village of Niobrara passed September 10, 1924, as proof of its corporate area and boundaries. It is described as "An ordinance defining the corporate limits of the Village of Nio-

brara * * *." The body of the ordinance contains language to the effect that the additions described and discussed herein should be and they were declared to be a part of the Village of Niobrara and that corporate limits of the village were extended to include them. The ordinance did not recite, and the appellee did not find, that any of the additions referred to therein were contiguous to the Village of Niobrara. This ordinance did not comply with any method provided by law for the annexation of territory to a village. The ordinance is not significant in determining whether the territory annexed by the judgment of the trial court was contiguous to any boundary of appellee. The conclusion stated in Chicago, B. & Q. R. R. Co. v. City of Nebraska City, *supra,* concerning an ordinance of this character was: "The adoption of said ordinance was wholly insufficient to change the boundaries of the municipality. * * * The ordinance was therefore in and of itself ineffectual to extend the limits of the municipality. * * * It is suggested that the boundaries of the city were enlarged so as to include the said strip of land 160 feet wide lying immediately east of the platted territory, by ten years' adverse usage by the city authorities. Doubtless, the mayor and council entertained a different view, else the ordinance to which reference has been made would most likely never have been adopted. They hardly would have attempted to annex territory which was already regarded as embraced within the boundaries of the city." What was said therein was reexamined, approved, and followed in a subsequent case involving an almost identical situation, in which it was contended that the city had exercised continuous use and dominion over the land in question for more than 50 years. Waubonsie Bridge Co. v. City of Nebraska City, *supra.* In School District No. 30 v. School District of the City of Grand Island, *supra,* the court said: "An ordinance defining the boundaries of a city can not be accepted as evidence of the annexation of contiguous territory, not included in the cor-

porate limits prior to the passage of such ordinance." The opinion in that case makes this pertinent observation: "* * * while the city and the inhabitants of so much of plaintiff's territory as is within the limits of the city as defined by said ordinance might be estopped, as between themselves, from questioning their relation on account of matters alleged in the petition, such estoppel could not be urged against a third person who had done nothing to recognize the relation which plaintiff claims existed between this territory and the city."

The record fails to show that any part of the territory sought to be annexed to the Village of Niobrara is contiguous to it or any part of the boundary of the area is coexistent with a part of the boundary of the village.

The judgment should be and it is reversed and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.