357 P.2d 130

John W. GARRETT, Appellant,

v.

Sarah FOLSOM as Yavapai County School Superintendent and Jack L. Ogg, as Yavapai County Attorney, Appellees.

No. 6747.

Supreme Court of Arizona.

Nov. 30, 1960.

Scott, Cavness & Yankee, Phoenix, for appellant.

Jack L. Ogg, former County Atty. of Yavapai County, Prescott, for appellees.

UDALL, Justice.

Appellant (petitioner below) questions by mandamus the attempt to form a union high school district embracing the same territory as that included in the two existing high school districts in Yavapai county. The appellees (respondents below) are the Yavapai County Superintendent of Schools and the then County Attorney of Yavapai County.

A.R.S. § 15–501 authorizes two or more adjoining school districts having an average daily attendance of not less than 200 pupils, or an assessed valuation of not less than $1,500,000 to form a union high school district. Section 15–502 prescribes the manner in which said formation may be accomplished.

On November 25, 1957, a petition was filed with the Superintendent requesting that pursuant to A.R.S. § 15–502, she call a special election to determine whether the school districts, Verde Common School District No. 3 (coextensive with Verde High School District) and Cottonwood-Oak Creek Common School District No. 6 (coextensive with Cottonwood-Oak Creek High School District) should join to form a union high school district. This petition was signed by 15% or more of the resident property taxpayers of each of the existing districts. The combined assessed valuation of the two districts, which included the general area around Clarkdale and Cottonwood, respectively, was more than $1,500,000.

In compliance with A.R.S. § 15–502 the Superintendent called a special election to be held December 6, 1957. Although the minimum notices required to be posted in each of the existing districts is only three, the Superintendent posted five notices in each district.

The election was duly held on December 6, 1957, and a majority of the qualified electors of the common school districts casting ballots in the election voted to approve the establishment of the proposed union high school district. Thereafter the Superintendent appointed members to its board of education and filed a transcript of the boundaries of the proposed new district with the board of supervisors and the assessor of Yavapai county in compliance with A.R.S. § 15–402. The territory included in the new district is identical with that of the prior districts combined.

On December 18, 1957, after the union district was formed, an election was held pursuant to A.R.S. § 15–503, to choose a site for the new union high school. Clarkdale was chosen and thereafter all the high school students of the former districts attended the union high school at Clarkdale, which has subsequently been the only high school operating and serving the high school students living in the area which formerly comprised the two districts.

Apparently dissatisfied with the change of districts, appellant demanded that the Superintendent file a transcript setting forth the boundaries of the old Verde and Cottonwood-Oak Creek districts. The Superintendent refused to so file. Thereafter, on February 20, 1958, under authority of A.R.S. § 12–2042, appellant filed a verified complaint with appellee County Attorney demanding that an action in quo warranto be filed to annul the union high school district's purported franchise and to oust the members of its board of education. The County Attorney refused to comply with said demand and this action in mandamus was instituted. The Superior Court of Yavapai County denied the petition for writ of mandamus.

The appellant assigns as error the action of the trial court in denying his petition for a writ of mandamus on the ground that the attempt to form a union high school district in this instance was void.

In support of this assignment of error the appellant asserts that legally established high school districts cannot be dissolved except where the power of dissolution is granted by legislative authority; that no constitutional or legislative authority was invoked in the instant case to dissolve the two existing high school districts; and that two or more school districts of the same class or category cannot occupy the same territory at the same time.

It is our view that the contention of appellant is without merit. A.R.S. § 15–501 specifically grants legislative authority for the creation of a union high school district. There is no limitation placed on this statutory authority to prevent the residents of an area already served by two or more high school districts from uniting and forming one union high school district. This authority is blanket subject only to three limitations: (1) that the formation be authorized by a majority vote of the qualified electors of the common school districts to be included in the new union high school district, (2) that the common school districts proposing the formation meet a minimum requirement of either assessed valuation or average daily student attendance, and (3) that they do not leave out a fractional part of an existing union high school district which is not contiguous and which does not of itself meet the minimum valuation or attendance requirements as set forth in the statute.

In this case all three limitations were satisfied. The union high school district was authorized by a majority of the qualified electors of the Cottonwood-Oak Creek and Verde common school districts whose boundaries are coextensive with those of the new union high school district. The two common school districts met the minimum valuation and attendance requirements. Finally, in the formation process, these electors did not exclude from the new district any fractional part of an existing high school district.

■■ The principal contention of the appellant, that a high school district can only be dissolved by legislative authority, ignores the statutory provision of A.R.S. § 15–501 which authorizes two or more adjoining districts to unite as a union high school district. In particular it ignores the following language:·

"When a new district is formed from territory already included in a union high school district, such territory shall no longer be included in the original high school district."

This language clearly shows the legislature's intent that a new high school district can include territory of an existing high school district and that when any territory of an old high school district is taken into a new union district the old authority automatically dissolves as to the annexed territory. A fortiori, when the old district in its entirety is absorbed by a new district the old authority in its entirety automatically dissolves. It is therefore the law of this State that when a union high school district is formed pursuant to A.R.S. §§ 15–501 and 15–502, the formerly existing high school districts are dissolved and they are automatically incorporated into the new union high school district.

■ Appellant questions the validity of the election held pursuant to A.R.S. § 15–502 because one of the five notices of election posted in one of the old districts stated that the election would be held on December 6, 1959 rather than the correct date of December 6, 1957. The evidence is not in dispute. Four valid notices were posted in the district even though only three would have satisfied the requirements of the statute. Appellant does not assert nor did he offer any evidence to prove that the erroneous date on the surplus notice deceived any qualified elector or that any electors refrained from voting because of said faulty notice. The mistake of this one surplus notice was harmless and does not invalidate the election.

None of the authority cited by appellant supports a contrary result.

In view of our conclusions it was not mandatory upon the school superintendent to file a transcript of the boundaries of the two old high school districts on or before April 1, 1958.

There was no abuse of discretion on the part of the county attorney in this case. It is therefore ordered that the judgment of the lower court denying the writ of mandamus be affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and LESHER, JJ., concur.