176 N.W.2d 42 (1970)
185 Neb. 392
SCHOOL DISTRICT OF BELLEVUE IN the COUNTY OF SARPY, State of Nebraska and Marvin Ellis, Appellants,
v.
Joseph G. STRAWN et al., Appellees.
No. 37443.
Supreme Court of Nebraska.
March 27, 1970.
*43 Crosby, Pansing, Guenzel & Binning, Lincoln, for appellants.
Seymour L. Smith, W. Ross King, Omaha, Dixon G. Adams, Bellevue, for appellees.
Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN and NEWTON, JJ., and KOKJER, District Judge.
NEWTON, Justice.
The School District of Omaha, a Class V district, and other parties defendant are challenging the annexation by the plaintiff, School District of Bellevue, a Class III district, of a portion of the School District of Omaha lying south of the Douglas-Sarpy County line in Sarpy County and recently annexed by the city of Bellevue, a city of more than 1,000 and not more than 50,000 inhabitants. The trial court ruled that the lands in question remained a part of the School District of Omaha. We affirm the judgment.
The disputed territory, which formerly had comprised the major portion of School District No. 5 of Sarpy County, merged with the School District of Omaha on October 1, 1958, pursuant to a duly executed petition of the electors of School District No. 5. Since that date the area has remained a part of the School District of Omaha which assumed and paid off its bonded indebtedness and made substantial improvements in school facilities.
Ordinances of the city of Bellevue annexing the disputed area became effective in April and May 1967. Their validity is *44 not challenged and the area now lies within the corporate limits of the city of Bellevue. Plaintiffs contend that under section 79-801, R. R. S. 1943, the disputed area was merged in the Bellevue School District at the time of its annexation by the city of Bellevue. The section provided: "The territory embraced within the corporate limits of each incorporated city * * *, together with such additional territory and additions to such city * * * as may be added thereto, as declared by ordinances to be boundaries of such city * * *, having a population of more than one thousand and not more than fifty thousand inhabitants, * * *, shall constitute a school district of the third class * * *. * * * The title to all school buildings or other property, real or personal, owned by any school district within the corporate limits of any city * * *, shall, upon the organization of the district, vest immediately in the new district; and the board of education of the new district shall have exclusive control of the same for all purposes herein contemplated."
Section 79-801.02, R. R. S. 1943, provides that: "* * * such merger shall be effective on June 15 of the year following the first full school year after such merger."
Section 79-801, R. R. S. 1943, has been amended (see R.S.Supp., 1967) by adding thereto the following: "Provided, that where the territory annexed by a change of boundaries of such city has been part of a Class III, IV, or V school district for more than one year prior thereto, having been annexed by petition, a merger of the area annexed with the Class III school district shall not become effective unless a majority of the board of education of such Class III, IV, or V district within ninety days after the effective date of the city annexation ordinance shall vote in favor of the merger."
Approval of the merger by the board of education of the School District of Omaha has not been obtained.
Plaintiffs maintain that the merger was completed at the time the area was annexed by the city of Bellevue but simply did not become "operative" until June 15, 1968, in order to permit adjustment of school and taxation problems. Plaintiffs also contend that the 1967 amendment is not applicable to mergers completed before its effective date of July 13, 1967, in the absence of a clear legislative intent that it should act retrospectively. That the annexation of the area by the city of Bellevue was completed prior to the effective date of section 79-801, R.S.Supp., 1967, is clear and undisputed. It does not necessarily follow that the area was simultaneously merged into the School District of Bellevue. The statute provides that title to school property in the area to be merged with the Class III district shall vest immediately in the new district upon its organization and that the new district shall then have exclusive control over such property. Obviously the new district could not be organized and control taken of such property while school was still being held in the area to be merged and the school property necessarily remained in charge of the board of education of the merging district as required by the provision that the merger should not be effective until June 15 of the year following the first full school year after such merger. The words "after such merger" are somewhat ambiguous in that they refer not to a completed merger but to the preliminary steps taken to bring about a future merger. This intimation of a completed merger cannot prevail in the face of the clear and specific provision that the merger shall not be effective until June 15 of the year following the first full school year thereafter.
The word "effective" has many connotations. It may be used to mean operative, taking effect, or being in force. Ordinarily, when a statute specifies a time or date when a proceeding creating or altering school districts shall become effective, the status of districts affected remains unchanged until such time or date.
*45 See, Independent School Dist. No. J1-69 v. Independent School Dist. No. D-45 (Okl.),363 P.2d 835; 78 C.J.S. Schools and School Districts § 47, p. 741. On the completion of a merger of one school district, or a portion of one, with another, the merging district, or part of a district, loses its former identity. It is dissolved, abolished, and ceases to have any separate existence. See, Garrett v. Folsom, 88 Ariz. 380, 357 P.2d 130; 78 C.J.S. Schools and School Districts § 70, p. 797.
In the present instance, our statute provides that the disputed area shall retain its identity as a part of the School District of Omaha until June 15 following one full school year after the annexation by the city of Bellevue. During this period it continued to be a part of the School District of Omaha for purposes of taxation and the conduct of its school system. It is apparent that its former identity was not then dissolved or abolished and no final merger or reorganization had been effected or taken place. Such we believe to have been the legislative intent. This is borne out by the use of the term "effective" in that portion of the statute added by the 1967 amendment. It is there provided that the merger "shall not become effective" until the board of education of the merging district has approved the merger. In other words, the "merger" is not considered to be consummated but temporarily "inoperative." On the contrary, it is not even in existence until the required approval is forthcoming.
A fundamental principle of statutory construction is to ascertain the legislative intent and give effect to it, if it is a lawful one. See Wilson v. Marsh, 162 Neb. 237, 75 N.W.2d 723. A final merger not having occurred, a question of retrospective application of the statutes is not presented.
We affirm the judgment of the district court.
Affirmed.