HOSMER B. DOOLITTLE ET AL., APPELLANTS, v. COUNTY OF LINCOLN ET AL., APPELLEES, CITY OF NORTH PLATTE, LINCOLN COUNTY, NEBRASKA, INTERVENER-APPELLEE.

214 N. W. 2d 248

Filed January 18, 1974. No. 39147.

Baskins & Baskins and Robert E. Roeder, for appellant.

Maupin, Dent, Kay, Satterfield, Girard & Scritsmier and W. R. Mullikin, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an action to enjoin the transfer of certain property from School District No. 127 to the School District of the City of North Platte. The foundation of the plaintiffs' action is the claimed invalidity of ordinances No. 1447 and No. 1461 of the City of North Platte which purported to annex to the city the tract of land described in the ordinances. The standing of the plaintiffs to contest the validity of the ordinances arises from the effect of the annexation upon school district boundaries under the provisions of sections 79-801, R. R. S. 1943, et seq., pursuant to which the annexed territory would be transferred from School District No. 127 and merged in the Class III district of the City of North Platte. The City of North Platte intervened in the action and is one of the appellees on this appeal. The District Court denied the relief requested, finding that the annexation was valid. We reverse and remand.

The precise question involved is whether the territory purportedly annexed is "contiguous or adjacent" within the meaning of sections 16-117 and 16-118, R. R. S. 1943. The parties argue conflicting interpretations of section

16-118, R. R. S. 1943, which reads as follows: "Lands, lots, tracts, streets, or highways shall be deemed contiguous although a stream, embankment, strip, or parcel of land not more than two hundred feet wide lies between the same and the corporate limits."

The evidence is stipulated and there is no conflict. The land involved was, at the time of the enactment of the ordinance, separated by the South Platte River from the existing south boundaries of the City of North Platte. It is agreed that that separation is 490 feet. The ordinance does not include in the annexation any part of the river nor the connecting highway over it.

The plaintiffs assert that the statute, section 16-118, R. R. S. 1943, is plain and unambiguous, and prohibits separation of the annexed tract from the existing boundaries by more than 200 feet. The defendants and intervener assert that the 200-foot limitation applies only to parcels of land and not to streams.

The following principles govern the disposition of this case. A municipal corporation has no power to extend or change its boundaries otherwise than provided by constitutional enactment or as it is empowered by the Legislature by statute to do. Village of Niobrara v. Tichy, 158 Neb. 517, 63 N. W. 2d 867; Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490. The power delegated to municipal corporations to annex territory must be exercised in strict accord with the statute conferring it. Village of Niobrara v. Tichy, *supra;* Wagner v. City of Omaha, *supra.* The power of a municipality to annex territory is, under the specific provisions of section 16-117, R. R. S. 1943, limited to annexing contiguous or adjacent land. The terms contiguous and adjacent are used in the statutes synonymously and interchangeably. Village of Niobrara v. Tichy, *supra.* The term contiguous is defined by section 16-118, R. R. S. 1943. An unambiguous statute is not open to construction. Bachus v. Swanson, 179 Neb. 1, 136 N. W. 2d 189.

It appears clear to us that the terms stream, embankment, strip, and parcel of land are all modified by the phrase "not more than two hundred feet wide." The construction contended for by the defendants and intervener is a strained one and an analysis of their specific arguments demonstrates that strain.

They argue from statutory history and also seek to apply certain canons of statutory construction.

The statute in question was originally enacted in 1901. In 1963, the Legislature substituted in what is now section 16-117, R. R. S. 1943, the words "lots, tracts, streets, or highways" for the word "territory," and substituted the same words for "land" in what is now section 16-118, R. R. S. 1943. It at that time also repealed section 16-111, R. R. S. 1943, which contained the language "notwithstanding any stream, embankment, or strip or parcel of land not more than two hundred feet in width." In 1967, the Legislature enacted present section 16-118, R. R. S. 1943, which reinstated the language "although a stream, embankment, strip, or parcel of land not more than two hundred feet wide." The placing of a comma between the words "strip" and "or parcel" was the only pertinent change from the earlier version.

The defendants and intervener argue that the presence of the disjunctive in the earlier version clearly shows that the 200-foot limitation did not apply to streams but only to "parcel of land." They further argue that the subsequent dropping of the "or'" was inadvertent and that their claimed meaning of the earlier version still applies. The difficulty with the argument is that the statute appears to have the same meaning with or without the "or" or the comma, and that under either version the limitation applies to all the antecedent words "stream," "embankment," "strip," and "parcel." The strained nature of the construction contended for is evident from the fact that it is claimed that the limitation applies only to "parcel." This leaves them in what

seems to us the untenable position to claiming that no matter how wide a "strip" is the city can annex across it, and that no matter how wide an "embankment" is the city can annex across it. We point out that a "strip" is a parcel but roughly described by shape, and that an "embankment" is necessarily a "parcel" of land but described by topography or perhaps use as in the case of a railroad embankment or dike. If we were to adopt the construction requested we would create ambiguities for we might then be called upon at some time to determine when a tract is a strip and not a parcel. This obviously would involve a contradiction.

Acceptance of the ordinary usage of language requires that we reject the construction contended for by the appellees. Rules of statutory construction which they wish to apply, such as the rule against "undesirable consequences," have no application where the statute is unambiguous. Whether consequences are undesirable is for the Legislature to determine and not this court.

The power of the City of North Platte is limited by the provisions of sections 16-117 and 16-118, R. R. S. 1943, and the annexation ordinances are void. The lower court should have granted the relief requested.

There is no contention made here that the merger in this case is one of those coming within the provisions of the proviso of section 79-801, R. R. S. 1943, which proviso requires the approval of the board of education of the Class III, IV, or V district whose territory is merged.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.