SCHOOL DISTRICT No. 127, LINCOLN COUNTY, NEBRASKA, ET AL., APPELLANTS, v. ALICE B. SIMPSON, SUPERINTENDENT OF SCHOOLS, LINCOLN COUNTY, NEBRASKA, ET AL., APPELLEES, CITY OF NORTH PLATTE, LINCOLN COUNTY, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., INTERVENERS-APPELLEES.

214 N. W. 2d 251

Filed January 18, 1974. No. 39149.

Baskins & Baskins and Robert E. Roeder, for appellants.

Maupin, Dent, Kay, Satterfield, Girard & Scritsmier and W. R. Mullikin, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This action was consolidated for trial in the lower court with Doolittle v. County of Lincoln, No. 39147, *ante* p. 159, 214 N. W. 2d 248; and Doolittle v. City of North Platte, No. 39148, *ante* p. 164, 214 N. W. 2d 251. All three cases were argued together on appeal in this court. A different annexation ordinance, No. 1318, is here involved and describes a different tract of land. The parties are substantially those involved in Doolittle v. County of Lincoln, *supra*, and the relief sought is the same as in that case. An additional issue, however, is involved, namely, whether the action is barred by the pertinent statute of limitations. The lower court found the action was barred. We affirm.

Ordinance No. 1318 was enacted on April 18, 1967, and it is conceded the petition in this case was filed more than 1 year after the effective date of the ordinance. The petition on its face is directed only against "a transfer" order made by the county superintendent supposedly merging School District No. 127 into the School District of the City of North Platte. Although we can readily see the utility of some administrative action recording the effectiveness of the merger, we do not believe that the merger depends upon such an

order. Section 79-801.02, R. R. S. 1943, provides: "Whenever an existing school district or a part thereof, is merged into a Class III school district under the provisions of section 79-801, such merger shall be effective on June 15 of the year following the first full school year after such merger." See, also, School Dist. of Bellevue v. Strawn, 185 Neb. 392, 176 N. W. 2d 42. In any event, as the pretrial order makes clear and as the briefs concede, the plaintiffs' entitlement to relief depends upon a successful attack upon the validity of the annexation ordinance. It appears clear to us that if an attack on the annexation ordinance is barred by a valid statute of limitations, then the decision of the lower court was correct.

We hold that this action is one "to contest such annexation," i. e., an annexation made prior to April 29, 1967, within the meaning of section 18-1717, R. R. S. 1943, which provides in part as follows: "Any party affected by any annexation of property made by any city or village prior to April 29, 1967, whose rights have not already been barred by any other applicable statute of limitations, shall be required to commence any action or proceeding of any kind or nature, whether legal or equitable, to contest such annexation or to contest any act done prior to April 29, 1967 pursuant to such annexation, within one year from April 29, 1967 or the same shall be forever barred." We believe the statute applies because the merger depends upon the annexation and the effect of section 79-801.02, R. R. S. 1943, and not upon an order of merger by the county superintendent. Our attention has not been directed to any statute which makes such a merger under section 79-801.02, R. R. S. 1943, dependent upon some action of the superintendent of schools of the county. The plaintiff cannot avoid the effect of the statute by elevating the merger order to a dignity which no statute gives it.

AFFIRMED.