REQUESTED BY: Senator Tom Vickers Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
This is in reply to your inquiry concerning the amendment to LB 465 adopted by the Education Committee, copy of which was attached to your letter.
You inquire as to the constitutionality of LB 465, as amended, as it relates to merger ordinances that may be passed and particularly as to the effective dates of such ordinances.
Ordinances of cities of the primary, first class, second class, and villages do not become effective until they have been published, which must be done within 15 days after they are passed. Neb.Rev.Stat. §§ 17-613, 16-405, and15-403 (Reissue 1977).
This does not mean that the ordinance itself could not have a provision making the ordinance effective at a later date than above set forth.
In metropolitan class cities the procedure is provided by rules and regulations of the city but ordinances cannot become effective sooner than within a week of introduction. Neb.Rev.Stat. § 14-137 (Reissue 1977).
Under Neb.Rev.Stat. § 79-801.02 (Reissue 1981), a merger of an existing school district into a Class III school district under the provisions of § 79-801 becomes effective on June 15 of the year following the first full school year after such merger. In School District ofBellevue v. Strawn, 185 Neb. 392, the Supreme Court of Nebraska determined that this meant June 15, 1968, as to annexing ordinances of the City of Bellevue which became effective in April and May of 1967.
The proposed subsection (2) of LB 465 provides in part:
 Notwithstanding subsection (1) of this section (subsection 1 is identical to § 79-801 except for an inserted reference to subsection (2)) or section 79-801.02, any annexation by a city or village encompassed within a Class III school district which annexation shall become effective after the effective date of this act, shall not result in the change of any school district boundaries until September 1, 1984, . . .'
Subsection (2) then a contains a provision that such boundary changes may become effective sooner upon agreement of all boards affected within 90 days following the effective date of the annexing ordinance.
Obviously, the provisions of § 79-801.02 relative to the effective date of mergers under § 79-801, being June 15 of the year following the first school year after the merger, would be rendered inoperative by the passage of LB 465.
Also, subsection (2) of LB 465, above quoted, applies only to annexations which shall become effective after the effective date of LB 465. Therefore, any proposed annexation ordinance before a city council or village board which becomes effective before the effective date of LB 465 which becomes effective 465. One would have to look at the effective date as contained in the ordinance or, if none, at the date of its passage and publication, if required, as set forth above.
Any annexing ordinance encompassed within a Class III school district becoming effective after LB 465 would not result in a change of boundaries until September 1, 1984, unless by vote of the boards as mentioned above.
The effective dates of ordinances and annexations are all matters which have been passed by legislative acts and may be modified by the Legislature. Any ordinances which are pending before a body are of no legal effect until passed and made effective according to law as outlined above. We therefore see no constitutional problems as to LB 465 as contained in the attachment to your letter.
You also ask questions concerning an annexation ordinance with an effective date this spring or summer. As mentioned earlier, if it became effective before the effective date of LB 465 as now written, it would not be affected by LB 465, and changes in boundaries would become effective according to § 79-801 which may require agreement of the boards or an election; or § 79-801.02 which would be June 15, 1984, assuming a full school year elapsed after the merger.
You then ask what would be the result should be Legislature pass LB 465 in such a way as to change the date when school district boundary changes already passed would become effective, from June 15, 1984, to a different date. As mentioned above, since the Legislature originally established these various dates, we can see no problem with them changing them as long as they do not purport to affect rights which have become vested. In your example, the city council would still have the opportunity to repeal the annexing ordinance before any rights became vested. In School Districtof Bellevue v. Strawn, supra, the plaintiff contended that the merger was complete on the effective date of the ordinance but merely did not become `operative' until June 15, 1968.
The Supreme Court disagreed and held that the status of the districts affected remained unchanged until the effective date of June 15, 1968.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General