WILLIAM SULLIVAN ET AL., APPELLANTS, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION OF THE METRO-POLITAN CLASS, ET AL., APPELLEES.

162 N. W. 2d 227

Filed November 1, 1968. No. 36886.

Fitzgerald, Brown, Leahy, McGill & Strom, Stephen T. McGill, and William J. Brennan, Jr., for appellants.

Edward M. Stein, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This action seeks to determine the validity of ordinance No. 23304 of the city of Omaha, annexing an irregular tract of land abutting the city on the southwest. The trial court determined the ordinance to be a legal, valid, and enforceable ordinance, and appellants perfected this appeal.

The area annexed comprises 400.4 acres, of which 312 acres is state right-of-way extending 2.74 miles along Interstate Highway No. 80; 62.5 acres of Union Pacific Railroad Company right-of-way; and 25.9 acres of other land, of which 15.09 acres were owned and used as a plant site by the International Paper Company. The approximately 10 acres remaining were leased for agricultural purposes at the time the ordinance became effective, had no improvements of any nature, and had not been subdivided or platted.

The appellants herein do not live in or own property in any portion of the area being annexed. They own property which was approximately 4½ miles from the city limits previous to the annexation, but is within the 3-mile zoning area of the city after annexation.

Appellees contend that appellants are not real parties in interest and have no standing to bring this action. The issue is one of first impression in this jurisdiction, and so far as we are able to determine there are no decisions in other jurisdictions on this precise point. The only authority cited by appellees is Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490, in which we said: " 'Where an attempted annexation of territory to a municipal corporation is illegal, injunction is a proper remedy, and resort to a court of equity is proper either to prevent consummation of the annexation or, if it has been completed, to have the proceedings declared null and

void * * *. A suit to obtain such relief * * * may be entertained on suit of a municipality, or at the instance of the voters or property owners in the territory sought to be annexed.' "

It must be conceded that the extension of the 3-mile limit of the city of Omaha over appellants' land does subject their property to the regulatory power of the city in several particulars. This creates a personal, pecuniary, and legal interest in the annexation ordinance. Obviously appellants may be aggrieved persons when they are included within a zoning area without their consent. Is this sufficient to give them standing to maintain an action to determine the legality of the ordinance? We hold that it is. We hold that the enumeration of real parties in interest in Wagner v. City of Omaha, *supra,* is not exclusive. Where a person has a personal, pecuniary, and legal interest which is adversely affected by an annexation ordinance, he has standing to contest the validity of the ordinance.

The main thrust of appellants' argument is two-fold: First, there is no authority for annexation of a highway right-of-way without the annexation of the adjoining land; and, second, that a portion of the area annexed is agricultural lands, rural in character. The burden is on one who attacks an ordinance, valid on its face and enacted under reasonable authority, to prove facts to establish its invalidity. Bierschenk v. City of Omaha, 178 Neb. 715, 135 N. W. 2d 12.

The annexation herein ends on the south at Q Street and Interstate Highway No. 80. The portion of the annexation from L Street to Q Street is confined to the state right-of-way embracing Interstate Highway No. 80. This area at the time of the annexation was bounded on the east and the west by agricultural lands, although a substantial residential development exists to the west of the strip being farmed.

Section 14-117, R. R. S. 1943, so far as material herein, provides as follows: "The corporate limits of any

city of the metropolitan class shall be fixed and determined by the council of such city by ordinance. The city council of any metropolitan city may at any time extend the corporate limits of such city over any lands, lots, tracts, street or highway, such distance as may be deemed proper in any direction, * * *. This grant of power shall not be construed as conferring power upon the council to extend the limits of a metropolitan city over any agricultural lands which are rural in character." This statute specifically permits a city to extend its corporate limits "over any * * * highway." We find the area from L Street to Q Street sufficiently joins the city so that it could properly be included in the annexation, provided that the area is of such character that the city had authority to include it.

Annexing of territory by a metropolitan city, pursuant to section 14-117, R. R. S. 1943, is a legislative matter. However, courts have the power to inquire into and determine whether the conditions exist which authorize the annexation thereof. In doing so, it is not for the courts to determine what portions may be properly annexed, for the fixing of boundary lines under this authority is a legislative act. Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490.

This brings us to the crux of the problem. Does the annexation involve agricultural land rural in character? The use of land for agricultural purposes does not necessarily mean it is rural in character. It is the nature of its location as well as its use which determines whether it is rural or urban in character. In Wagner v. City of Omaha, *supra*, we said: " 'Rural' means of or pertaining to the country as distinguished from a city or town, whereas 'urban' means of or belonging to a city or town. In many of the cities and villages throughout the state there are tracts which are only partially developed as residential areas wherein substantial parts of the land are used for agricultural purposes but which tracts are, in fact, urban in character. It was clearly not the inten-

tion of the Legislature, if such an area develops outside the boundaries of a metropolitan city, to prevent such city from annexing it. It was, however, the purpose of the act to prevent annexation by such city of agricultural areas which are rural in character."

Exhibits 1 and 2 are aerial maps of the southwest portion of the city of Omaha, embracing the area being annexed. The evidence indicates that portions of the right-of-way included in the annexation are bound on two sides by agricultural land which is not included. The entire area being annexed goes through the heart of a rapidly developing residential and industrial area. On the facts of this case we cannot say that the appellants have met their burden to prove that the right-of-way included in the annexation was essentially rural in character.

The evidence is undisputed that at the time ordinance No. 23304 was adopted 10 acres embraced in the area annexed were leased for agricultural purposes and would be classified as agricultural lands. The land has never been subdivided or platted, has no improvements of any nature, and is being farmed. It is, however, contiguous to a highly developing industrial area. For all intents and purposes this tract, while agricultural, is essentially urban in character.

We do not think appellants have met their burden herein. It follows the annexation is valid, and the judgment herein should be and is affirmed.

AFFIRMED.