EMIL J. VOSS ET AL., APPELLANTS, V. CITY OF GRAND ISLAND, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

182 N. W. 2d 427

Filed December 23, 1970. No. 37532.

John A. Wagoner and Baylor, Evnen, Baylor, Urbom & Curtiss, for appellants.

Richard L. DeBacker and Duane A. Burns, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an action for an injunction against the City of Grand Island from assessing, levying, or collecting any taxes from the owners of several tracts of land annexed by ordinances Nos. 4521 and 4593.

The district court for Hall County found that the land sought to be annexed was not agricultural and rural in character and that the annexation was valid. The case is here on appeal of the finding that the land sought to be annexed was not agricultural and rural in character. We affirm the judgment of the district court.

The land involved is immediately contiguous to the City of Grand Island on the east and the principal north boundary line is U. S. Highway No. 30. The area stretches generally in a northeasterly direction and is bounded on the south by an area identified as an industrial addition. It is bounded on the east by a tract owned by the Union Pacific Railroad which is zoned for industrial uses. On exhibit 10, an aerial photograph, there are superimposed tract numbers that facilitate an analysis of this case. Tract Nos. 1 to 13 extend from the extreme western point contiguous with the City of Grand Island to the eastern boundary of the annexation. Tract No. 1 appears to be almost wholly developed into residences and other structures nonagricultural in character. Generally, the same is true of Tract Nos. 3, 4, 5, 6, 7, 10, 11, 12, and 13. Also, Tract Nos. 14, 15, and 16, immediately to the south of the developed tracts, are platted, subdivided, and partially occupied by residences and other structures of a nonagricultural nature. Tract No. 17 is to the *west* of these tracts.

This situation reveals, especially when compared with a 1966 aerial photograph, continuous and progressive

urban and residential development in which there remain isolated tracts or spots that are still vacant and thus actually used for the growing of crops and for agricultural purposes.

The annexed area contains 12 different named subdivisions, an elementary school, and a multitude of commercial and residential uses that are allocated generally in the area, some of them being on the *east* side of the area.

On March 25, 1968, the City of Grand Island adopted ordinance No. 4521 annexing these tracts of land. On July 1, 1968, ordinance No. 4593 confirming the annexation was adopted.

The area contains 302.02 acres, consisting of 12 subdivisions or resubdivisions and 6 unplatted tracts. The largest of the unplatted tracts is 9.77 acres and the smallest is 4.72 acres. Other tracts are made up of public streets and roads traversing the area.

A portion of the area is zoned B-2 General Business Zone and the balance is zoned TA-Transitional Agriculture Zone as of the time of trial. At the time of the annexation, the zoning was divided between Residence A and Business B. Transitional Agriculture Zoning permits residential development and allied uses but excludes some farming uses, such as commercial feed lots. The older classification of Residence A was "a typical residential zoning" which also permitted agricultural operations, schools, parks, etc.

Nearby areas to the north, south, and west of the land in question are zoned for light manufacturing and heavy manufacturing. The area annexed contains approximately 120 residences, 10 commercial or business uses, 2 industrial uses, an 8-unit trailer court, and an elementary school.

Robert C. Windolph owns approximately 20 acres of Tract No. 17. All of Tract Nos. 15, 16, and 17 were previously owned by his family and were platted as Windolph Subdivision over 35 years ago. Since that time

3 of those lots have been further subdivided into residential lots. The balance of Windolph Subdivision is not remarkably different from those portions which have been more intensively developed, and there is no reason as far as physical characteristics and location are concerned why they could not be developed in the same way as the others.

Emil J. Voss, one of the appellants, owns 11.5 acres in Tract No. 2. The Voss Subdivision, of which his property is a part, bears his family name. In addition to his own home, he has built 2 rental properties on the tract and transferred title to a smaller piece to his son for a home site. He has made further efforts to subdivide his property for residential purposes. In 1965 Mr. Voss and his wife submitted to city officials a proposed subdivision plat acknowledging complete dedication of streets, all necessary easements, and demonstrating an intention to convert and make available the property for urban use.

Grand Island commenced furnishing police and fire protection to the area immediately after passage of the first ordinance. The city has installed a collector sewer to serve the area. Two sanitary sewer districts have been created to connect to this collector. These districts are the result of petitions by property owners to be served. Municipal water service is also being extended into the area. The city previous to July 1968, had provided electrical service to that portion along U. S. Highway No. 30, and since that date to the entire area.

Exhibits 11 to 14 in evidence in this case show clearly that Tract No. 14 has been subdivided and now consists of 2 subdivisions containing about 56 lots and 3 streets. The record does not bear out the contention of the appellants that this area has not already been subdivided, thus inviting the inference that it is rural in character.

In addition to the above factual analysis, the trial court's judgment was supported by the expert testimony that the area annexed was urban or suburban in char-

acter and not agricultural or rural in character.

Annexation is a legislative matter and not subject to judicial control. Consequently, we have held that the proper remedy to test whether the conditions required by an annexation statute have been complied with is by collateral attack in the nature of an injunction action. Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490; Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776.

The pertinent statutory authority under which we test the issue presented in this case is section 16-117, R. R. S. 1943, which provides: "* * * the mayor and council may by ordinance * * * at any time include within the corporate limits of such city any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character, and in such direction as may be deemed proper. Such grant of power shall not be construed as conferring power * * * to extend the limits of a city of the first class over any agricultural lands which are rural in character."

We feel that the last sentence of this statute is particularly significant. The term "agricultural lands which are rural in character" clearly lends the inference that lands may be currently utilized in an agricultural fashion and still not be rural in character and meet the test of urban or suburban in character. We have recently said in Sullivan v. City of Omaha, 183 Neb. 511, 162 N. W. 2d 227, as follows: "This brings us to the crux of the problem. Does the annexation involve agricultural land rural in character? The use of land for agricultural purposes does not necessarily mean it is rural in character. It is the nature of its location as well as its use which determines whether it is rural or urban in character. In Wagner v. City of Omaha, supra, we said: ' "Rural" means of or pertaining to the country as distinguished from a city or town, whereas "urban" means of or belonging to a city or town. In many of the cities and villages throughout the state there are tracts which

are only partially developed as residential areas wherein substantial parts of the land are used for agricultural purposes but which tracts are, in fact, urban in character. It was clearly not the intention of the Legislature, if such an area develops outside the boundaries of a metropolitan city, to prevent such city from annexing it. It was, however, the purpose of the act to prevent annexation by such city of agricultural areas which are rural in character.' "

The record in this case, and the different exhibits demonstrating the undisputed location, character, and degree of development of the land involved herein, overwhelmingly support the district court's conclusion that the property was properly annexed as being urban or suburban in character. It is contiguous to the corporate limits of the city. The recent extensive and continuous development of the land, particularly since 1966, is significant. The change of the conditions of the surrounding areas, platting and subdivision development, and the erection of homes and businesses within the area, many of them contiguous to the *eastern* boundary, are clearly indicative and persuasive that the land is urban and suburban in character and not rural in character. The statute does not prescribe, nor does reason dictate. that annexation must be blindly confined to land and areas that have already been zoned and developed into nonagricultural uses. Any such construction of the statute would seriously impair intelligent planning and coordination of the change-over in the use of land for urban purposes. It would result in the increasing and duplication of costs in the extension of the city services such as water, electricity, and fire and police protection and result in an inequitable distribution of the costs of such services to the people actually being served. The statute sets up suitable standards for testing whether a city has arbitrarily and irrationally used the power granted therein to include lands entirely disconnected, agricultural in char-

acter, and bearing no rational relation to the legitimate purposes of annexation.

It follows that the annexation ordinances enacted by the City of Grand Island were valid, come clearly within the power granted to the city under the applicable statute, and that the judgment of the district court so finding should be and is hereby affirmed.

AFFIRMED.