ELLYN L. HOLDEN, SPECIAL ADMINISTRATRIX OF THE ESTATE OF DALE SCOTT HOLDEN, DECEASED, ET AL., APPELLANTS, V. CITY OF TECUMSEH, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

195 N. W. 2d 225

Filed March 10, 1972. No. 38090.

Healey, Healey, Brown & Burchard and William B. Brandt, for appellants.

Ginsburg, Rosenberg, Ginsburg & Krivosha and Thomas L. Morrissey, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action to determine the validity of an annexation ordinance of the city of Tecumseh, Nebraska. The plaintiffs are landowners whose property was annexed to the city by the ordinance in question. The defendants are the city and its mayor and councilmen.

The district court found that the ordinance was valid. The plaintiffs appeal, contending that the ordinance was invalid because it was considered and adopted at special meetings of the city council without notice to the plaintiffs and because their land was not subject to annexation.

The plaintiffs contend that section 17-405(2), R. S. Supp., 1967, requires that annexation matters be considered only at regular meetings of the city council. The statute cited relates to voluntary annexation by resolution upon the request of owners and inhabitants. Section 17-405.01, R. S. Supp., 1967, provides that the mayor

and council of a city of the second class may by ordinance "at any time" annex contiguous or adjacent lands which are urban or suburban in character and not agricultural lands which are rural in character. There was no statutory provision which prevented consideration of the annexation ordinance at special meetings of the council.

The evidence shows that the members of the council were notified of the meetings but there was no public notice of the meetings other than a notice posted on the door of the city hall. Section 84-1402, R. S. Supp., 1967, was not in effect at the time of the meetings in question.

Annexation is a legislative matter and there is no constitutional requirement that affected landowners be notified before passage of an annexation ordinance. Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776. A failure to give such notice is not a denial of due process of law.

The principal issue presented by the appeal is whether the land referred to as the Holden tract was subject to annexation. The Holden property is a rectangular tract of land located generally in the northeast quarter of Section 28, Township 5 North, Range 11 East of the 6th P.M. It has an area of 146 acres. The other tracts involved are relatively small and most are used for residential purposes.

The plat of the original town of Tecumseh was located in the south half of Section 28. The city developed largely to the north from the original town so that it eventually formed an L-shaped configuration bordering on the south and west of the Holden tract. The Tecumseh public schools are located adjacent to the southwest corner of the Holden tract. The Johnson County courthouse, which is situated on the town square, is approximately 2 blocks south and 2 blocks west of the southwest corner of the Holden tract. State Highway No. 50 runs along the east side and through a part of the

Holden tract. U.S. Highway No. 136 runs along the north side of the Holden tract.

Expansion to the south and west is limited by the Nemaha River and its flood plain. As a result there has been some residential and commercial development to the north and east of the Holden tract. The effect of the annexation was to change the city from an L-shaped area to an area more rectangular in shape and to include areas adjacent to the former limits where development was taking place.

Although the principal use made of the Holden tract is for agricultural purposes, the evidence shows that its value for residential or commercial use exceeds its value as agricultural land. Because of the development of the city it has become urban or suburban in character rather than rural. Thus, it was subject to annexation under section 17-405.01, R. S. Supp., 1967. See, Sullivan v. City of Omaha, 183 Neb. 511, 162 N. W. 2d 227; Voss v. City of Grand Island, 186 Neb. 232, 182 N. W. 2d 427.

The ordinance contained a provision that the owners of the land annexed were compelled to lay out streets, ways, and alleys in and through the property in conformity with and contiguous to the streets, ways, and alleys of the city. This provision merely requires that streets, ways, and alleys, when laid out, shall conform generally to those already established in the city. The location of city streets is a matter generally within the discretion of municipal authorities. See 10 McQuillan, Municipal Corporations (1966 Rev. Ed.), § 30.21, p. 656.

The judgment of the district court is affirmed.

AFFIRMED.