LARRY G. PIESTER ET AL., APPELLANTS, V. CITY OF
NORTH PLATTE, LINCOLN COUNTY, NEBRASKA, ET AL.,
APPELLEES.

251 N. W. 2d 159

Filed April 6, 1977. No. 40904.

Baskins & Rowlands and Robert E. Roeder, for appellants.

Maupin, Dent, Kay, Satterfield, Girard & Scritsmier, for appellees.

Leonard P. Vyhnalek of Beatty, Morgan & Vyhnalek, for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The city council of the city of North Platte by ordinance No. 1699 annexed an area south of the present boundaries of the city of North Platte, Nebraska, including an area of Interstate 80 at the point where U. S. Highway No. 83 interchange provides ingress and egress to the city of North Platte. The boundaries of the city of North Platte were located at the north right-of-way line of Interstate 80 immediately prior to the annexation. Plaintiffs, landowners who would fall within the 2-mile zoning authority of the city of North Platte, a city of the first class, brought this action in the District Court to challenge the legality of the annexation. The District Court ap-

proved the annexation and dismissed the plaintiffs' petition.

"The corporate limits of a city of the first class shall remain as before, and the mayor and council may by ordinance * * * include within the corporate limits of such city any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character, and in such direction as may be deemed proper. Such grant of power shall not be construed as conferring power upon the mayor and council to extend the limits of a city of the first class over any agricultural lands which are rural in character." § 16-117, R. R. S. 1943. The land annexed, exclusive of the portion of Interstate 80 included, is conceded to be urban or suburban in character and includes service stations, a motel, and a park acquired by the city of North Platte, Nebraska, for development and for the benefit of the residents of the city.

Section 16-118, R. R. S. 1943, prohibits the annexation of noncontiguous land. Contiguous land is defined as: "Lands, lots, tracts, streets, or highways shall be deemed contiguous although a stream, embankment, strip, or parcel of land not more than two hundred feet wide lies between the same and the corporate limits." In order for the annexation to be effective, it was necessary for the city of North Platte, under present law, to annex a strip of Interstate 80, the right-of-way of which is concededly in excess of 200 feet in width.

It is the contention of the plaintiffs that the portion of Interstate 80 to be annexed must be considered as urban or suburban in character or the annexation must fail. The plaintiffs argue in this court that there is only one interchange for entrance to Interstate 80 in the city of North Platte; the nearest exits or entrances to the interstate are 13 miles to the east and 13 miles to the west; and since there is no possibility of local traffic moving to and from points in

North Platte, Nebraska, that portion of Interstate 80 which is annexed cannot be said to be urban or suburban in character and the annexation must fail. The trial court, in upholding the annexation, relied on Sullivan v. City of Omaha, 183 Neb. 511, 162 N. W. 2d 227. In that case the annexation of the Interstate Highway ended on the south of Q Street and the north at L Street. That portion of Interstate 80 so annexed between L Street and Q Street was confined to the state right-of-way embracing Interstate 80. The area to be annexed was bounded on the east and the west by agricultural land, although a substantial residential development existed to the west of the strip being farmed. Authority to annex is granted to the City of Omaha by section 14-117, R. R. S. 1943: "The city council of any metropolitan city may at any time extend the corporate limits of such city over any lands, lots, tracts, street or highway, such distance as may be deemed proper in any direction, * * *." In Sullivan v. City of Omaha, *supra,* with regard to the question of whether a portion of Interstate 80 from L Street to Q Street could be annexed, the court stated: "We find the area from L Street to Q Street sufficiently joins the city so that it could properly be included in the annexation, provided that the area is of such character that the city had authority to include it. * * *

"This brings us to the crux of the problem. Does the annexation involve agricultural land rural in character? The use of land for agricultural purposes does not necessarily mean it is rural in character. It is the nature of its location as well as its use which determines whether it is rural or urban in character. * * *

"Exhibits 1 and 2 are aerial maps of the southwest portion of the city of Omaha, embracing the area being annexed. The evidence indicates that portions of the right-of-way included in the annexation are bound on two sides by agricultural land

which is not included. The entire area being annexed goes through the heart of a rapidly developing residential and industrial area. On the facts of this case we cannot say that the appellants have met their burden to prove that the right-of-way included in the annexation was essentially rural in character." In effect, we there said that it is the general character of the area annexed which characterizes the particular tracts involved in the annexation.

The city of North Platte supplies through the annexed area of Interstate 80 essential services of water and sewer lines and electrical service to businesses and light industries on both sides of Interstate 80.

We hold that the character of a segment of an Interstate Highway sought to be annexed is to be determined from the areas immediately adjacent to the annexed portion. In this case the annexed portions are clearly and concededly urban or suburban.

The annexation was proper and the judgment should be and is affirmed.

AFFIRMED.