OMAHA COUNTRY CLUB, APPELLANT, V. CITY OF OMAHA ET AL.; APPELLEES.

332 N.W.2d 206

Filed April 8, 1983. No. 82-135.

John W. Delehant of Kutak Rock & Huie, for appellant.

Herbert M. Fitle, City Attorney, Charles K. Bunger, and Denise Hill, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, and HASTINGS, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Ordinance No. 29536, enacted by the defendant City of Omaha, Nebraska, on July 28, 1981, annexed a 477-acre tract of land adjacent to its north boundary. Plaintiff's petition for an injunction was dismissed; it appeals, assigning as error that a part of the land annexed is rural in character and was annexed in violation of Neb. Rev. Stat. § 14-117 (Reissue 1977), which provides in part: "This grant of power shall not be construed as conferring power upon the council to extend the limits of a metropolitan city *over any agricultural lands which are rural in character.*" (Emphasis supplied.)

"Annexation of territory by a metropolitan city pursuant to section 14-117 . . . is a legislative matter. However, courts have the power to inquire into and determine whether the conditions exist which authorize the annexation thereof." (Syllabus of the court.) *Wagner v. City of Omaha,* 156 Neb. 163, 55 N.W.2d 490 (1952). " 'Rural' means of or pertaining to the country as distinguished from a city or town, whereas 'urban' means of or belonging to a city or town. In many of the cities and villages throughout the state there are tracts which are only partially developed as residential areas wherein substantial parts of the land are used for agricultural purposes but which tracts are, in fact, urban in character. It was clearly not the intention of the Legislature, if such an area develops outside the boundaries of a metropolitan city, to prevent such city from annexing it." *Id.* at 168, 55 N.W.2d at 494.

The annexed area is generally bounded on the south by an old railroad right-of-way, on the west by 72d Street, on the north by State Street, and on the east by 60th Street. There are three excepted

tracts: (1) A commercial area in the southeast corner, (2) S.I.D. 190 in the northeast corner, and (3) An area on the mid-north boundary containing three luxury-class residences.

Included in the annexed area are these tracts: Two hundred and forty acres leased and occupied by plaintiff as a private social club, providing golf, swimming, tennis, trapshooting, and other recreation; an owned 24.5-acre north-south rectangular tract in the northwest corner, which it leases exclusively for grain farming; and an owned 34.5-acre irregular tract on the east side, also leased exclusively for grain farming. On the south side of the golf course there is a 10-acre wooded area, described as a tree farm, and also a 15-acre tract, owned by Harvey Hayes, leased for grain farming. Both of these tracts abut the main road leading to the country club; they are also near five small platted areas. In the southwest corner there are two residential areas, served by S.I.D. 99 and S.I.D. 121; a small residential area in the southeast corner; and several residences adjacent to the golf course.

The surrounding land has various uses. South of the old railroad right-of-way is the new Immanuel Hospital and medical complex, and next to Immanuel, on the east, is a developed residential area. On the west and north sides, the land is undeveloped, generally used for farming and pasture. On the east, the land is both developed and undeveloped. On all sides, except the south, there are several small tracts used for the raising of hogs, horses, and birds; the evidence is not clear whether these were business or hobby situations. At the northwest corner there are areas zoned for parking and commercial, but they are not developed.

The annexed area has available electric, water, gas, and sewer services. All of the roads around and in the area are hard surfaced. Seventy-second Street, on the west, is a four-lane street connecting

with the Interstate highway a short distance north of State Street.

Two witnesses testified: Harvey Hayes, president of the Omaha Country Club, Inc., and Blythe Kubovec, Omaha city planner.

Plaintiff's evidence shows that the annexed and surrounding areas were not growing either commercially or as residence areas in comparison with other parts of Omaha. For example, at the time of trial in November 1981 there were 135 houses in the area, which was an increase of only 8 houses in 3 years. The availability of land for development is not shown in the record. Plaintiff argues that this lack of growth and the presence of only a few platted areas show that rural and agricultural use is dominant.

"The use of land for agricultural purposes does not necessarily mean it is rural in character. *It is the nature of its location as well as its use which determines whether it is rural or urban in character.*" (Emphasis supplied.) *Sullivan v. City of Omaha,* 183 Neb. 511, 514, 162 N.W.2d 227, 229-30 (1968); *Voss v. City of Grand Island,* 186 Neb. 232, 182 N.W.2d 427 (1970).

Not to be overlooked in weighing the evidence and making independent findings is the dominant location and use of plaintiff's private club that is clearly urban in character.

Plaintiff's concern relates to the two tracts it owns. The 24.5-acre tract abuts the golf course; it has access to both 72d Street and State Street. The 34.5-acre tract is near and accessible to the golf course; it has access to 60th Street. Plaintiff's evidence was that it was its plan to use this latter tract to add nine holes to its golf course. The location of these two tracts imposes an urban character upon them. The present use of the 10- and 15-acre tracts to the south of the golf course does not overcome their urban character.

" 'The burden is on the one who attacks an or-

dinance, valid on its face and enacted under lawful authority, to prove facts to establish its invalidity.' '' *Bierschenk v. City of Omaha,* 178 Neb. 715, 718, 135 N.W.2d 12, 14 (1965).

Having considered the location and uses of all of the included tracts of land, we find that the annexed area was urban in character and that the ordinance was a lawful exercise of the city's powers.

AFFIRMED.

McCOWN, J., dissenting.

Eighty-four acres of the land involved in the annexation here is concededly used as agricultural land and has never been used as anything but agricultural land. The majority opinion now determines that because that land may be intended for future nonagricultural use, it is therefore no longer agricultural land, but instead is urban in character. The possibility, or even probability, that agricultural land may become urban in the future does not alter its present character.

In addition, the majority opinion simply states that a country club "is clearly urban in character." Historically, country clubs were so named because they were located in the country. While obviously a country club is not agricultural land, neither is its land necessarily urban or rural. It might be said to be neutral in character and would be subject to classification in accordance with the land surrounding it. Some country clubs are obviously urban, but others are equally obviously rural. In the present case virtually all the land to the west and north, and even some to the south of the country club here, is still unplatted agricultural land. For purposes of annexation a country club is characterized by its use of land and buildings, not by its membership.

In my view the case of *Wagner v. City of Omaha,* 156 Neb. 163, 55 N.W.2d 490 (1952), is controlling, and it has not been overruled. In that case the total number of acres and the percentage which was unplatted agricultural land are almost identical to

those in the present case, but the urban residential portion of the proposed annexation and the proportion of such land to agricultural were much greater than they are here.

In *Wagner* this court held that the purpose of the statute was to prevent annexation by a metropolitan city of agricultural areas which are rural in character. The court concluded that the city did not have authority to extend its boundary to unplatted agricultural lands, rural in character, and that it was not for the court to determine what portions of an area might properly be annexed because the drawing of boundary lines is a legislative act. This court said: "In view of the foregoing we have come to the conclusion that the city, by including these agricultural lands which are rural in character in the area sought to be annexed, exceeded the authority granted it by section 14-117, R.S. 1943. Since we have no authority to revise the boundary line of the city, as extended by the ordinance, we find that its doing so makes the entire ordinance invalid." *Id.* at 170, 55 N.W.2d at 495.

I can find no reasonable distinction between the case at bar and *Wagner*. I would reverse.