REQUESTED BY: Allan L. Abbott, Director-State Engineer
QUESTION 1: If the road is not included in the legal description of the annexation, does it automatically become a legal part of the municipalities annexation?
All highways that are adjacent and abutting to the corporate limits of a city or village are a part of that city or village if they are contiguous and abut thereon, even though they were not brought into the city by the legal description in the annexation. Neb. Rev. Stat. §18-1716.01 (1991) is applicable and all roads that are adjacent or abutting to any city or village are automatically entered into the confines of the city or village limits. The controlling language of that section is: "shall be required to annex all of the contiguous or abutting road at the time of such annexation. . . ." The language is mandatory. At the time of the annexation, such roads were required to be made a part of the annexation, therefore, by operation of this section of law, all roads are a part of the original annexation.
QUESTION 2: If the road in question is part of a Sanitary Improvement District, does this section of law apply even though the entire SID would not be annexed?
Neb. Rev. Stat. § 31-763 through 766 (1988) allows cities and villages to annex all or a portion of an SID. Those roads which abut property annexed to the municipality or which are automatically added under §16-118 or § 17-405.02 are considered as annexed.
QUESTION 3: Does this section of law also apply to State highways?
Yes. However, the annexation of a State highway does not transfer control over the highway to the annexing authority. Control of all State highways remains with the State by legislative decree. State statutes must be consulted with regard to what control is given a local authority on a State highway.
QUESTION 4: How does this section of law apply to highways built adjacent to the corporate limits of a city or village?
Neb. Rev. Stat. § 18-1716.01 (1991) states:
"Any city or village annexing property contiguous to or abutting upon any part of a county road shall be required to annex all of the contiguous or abutting road at the time of such annexation, except that this section shall not apply to county roads separating counties."
In Johnson v. City of Hastings, 241 Neb. 291, ___ N.W.2d ___ (1992) the court held: "The terms `contiguous' and `adjacent' are used synonymously and interchangeably." The legislature has directed what is contiguous where annexation occurs by a city of the first class. "Lands, lots, tracts, streets or highways shall be deemed contiguous, although a stream, embankment, strip, or parcel of land not more than two hundred feet wide lies between the same and the corporate limits." Neb. Rev. Stat. §16-118 (1991). The same language appears in §17-405.02 for cities of the second class and villages, except that the strip of ground is 500 feet wide rather than 200 feet for a city of the first class.
Therefore, it would hold true that where cities of the first and second class and villages annexed property, and it is within 200 feet or 500 feet respectively, then such highway under § 18-1716.01 is considered to be automatically annexed, even though there is no legal description in the city or villages annexation documents. This comes about because § 18-1716.01 states that any "any city or village annexing property contiguous to or abutting upon any part of a county road shall be required to annex all of the contiguous or abutting road at the time of such annexation."
The statutory provisions for annexation of property by a metropolitan city is void of language regarding "contiguous" or "abutting" as we have under § 16-118
(cities of the first class) and § 17-405.01 (cities of the second class). The test to apply for metropolitan cities appears to be: Under section 14-117 R.R.S. 1943, a city of the metropolitan class may annex by extending its boundaries to form a common one with the portion annexed if the area so attached is urban in nature and is connected to the city by a substantial link of narrower land of the same character. Bierschenk v. City of Omaha, 178 Neb. 715, 722,135 N.W.2d 12 (1965). See also, Omaha Country Club v. City of Omaha, 214 Neb. 3, 332 N.W.2d 206 (1983).
The test, therefore, for cities of the metropolitan class appears to examine the character and use of land to be annexed and to further require it be "connected" to the city "by a substantial link" of land. It would appear the word "connected" is not synonymous or used interchangeably with the words "contiguous" or "adjacent."
You should be aware that under Neb. Rev. Stat. §39-2507 and § 39-2517, the number of miles or lane miles should be adjusted between the county and municipality where annexation by a municipality occurs. It should also be noted that the lane mile agreement provisions of the statute are not mandatory on the part of the State if you choose to maintain your rural section of highway through a municipality.
QUESTION 5: Does this law apply only from the date this law became effective?
Yes, unless the statute provides that the act shall apply retroactively. In the case of Brookins v. Sargent Industries, Inc., 717 F.2d 1201, we find: "The general rule in Nebraska is that statutes are not to be given retroactive effect unless legislature has clearly expressed contrary intention. . . ."
Sincerely,
DON STENBERG Attorney General
Gary R. Welch Assistant Attorney General
APPROVED BY:
____________________________ Don Stenberg Attorney General