THOMAS B. SWEDLUND AND CAROLYN L. SWEDLUND ET AL., APPELLANTS, V. CITY OF HASTINGS, NEBRASKA, A MUNICIPAL CORPORATION OF THE FIRST CLASS, APPELLEE.

501 N.W.2d 302

Filed June 11, 1993.   No. S-91-287.

Daniel L. Lindstrom and Jeffrey H. Jacobsen, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellants.

Michael E. Sullivan, Hastings City Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Eleven landowners appeal a district court for Adams County order finding that an ordinance annexing their property to the City of Hastings (City) is valid and enforceable.

We affirm the order of the district court.

## FACTS

On November 14, 1988, the Hastings City Council passed ordinance No. 3088, which annexed an area west of the City. The ordinance contains a single metes and bounds description of the annexed property. The annexed area includes Highland Drive residences, an area of 16 houses where all the appellants, except Blake and Dorothy Mankin, own property; Imperial Village addition, a preliminarily platted development owned by Johnson Imperial Home Company; two small, triangle-shaped properties owned by the Mankins; and the Hastings Regional Center. Johnson Imperial Home Company and the Hastings Regional Center are not parties to this appeal, and no issue has been raised as to the annexation of their properties. We will consider their interests only insofar as necessary to decide the issues that are before us.

In adopting ordinance No. 3088, the Hastings City Council made specific findings that the annexed area is urban and suburban in character and contiguous or adjacent to the City's corporate limits. The council also found that police, fire, and snow removal benefits would be immediately available to the annexed area and that other benefits either were, or would be, available. The council also found that within the annexed area, the users of the city utility services would have the benefit of the lower city utility rates.

In their suit against the City, the landowners requested that the ordinance be declared void and that the City be temporarily and permanently enjoined from enforcing the ordinance. The landowners alleged that the ordinance is invalid because (1) the annexed property is not adjacent and contiguous to the City; (2) the land is rural, used for agricultural purposes, and is not urban or suburban in character; and (3) the City annexed the land solely to increase tax revenue. The landowners also alleged that the ordinance violates article I, §§ 3 and 21, of the Nebraska Constitution and the 5th and 14th Amendments to the U.S. Constitution.

Based upon the evidence, the trial court's personal inspection of the annexed area, and the written arguments of counsel, the district court found the annexed area to be contiguous and adjacent to the City and to be urban and suburban in character. The district court dismissed the landowners' petition. The landowners' motion for a new trial was overruled. They timely appealed to this court.

## ASSIGNMENT OF ERROR

The landowners' assignments of error combine to allege that the district court erred in failing to find the annexation ordinance invalid and in failing to enjoin its enforcement, because (1) the annexed area is not contiguous and adjacent to the City, (2) the annexed area is not urban and suburban in character, (3) the annexed area is comprised of and contains agricultural lands that are rural in character and used for agricultural purposes, and (4) the City annexed the property for the primary purpose of increasing tax revenues.

The district court's failure to award attorney fees and costs to

the plaintiffs is also assigned as error. This assignment of error is not discussed in the landowners' brief and, therefore, will not be considered. To be considered by an appellate court, an error must be assigned *and discussed* in the brief of one claiming that prejudicial error has occurred. *Regency Homes Assn. v. Egermayer, ante* p. 286, 498 N.W.2d 783 (1993); *Carlson v. Zellaha*, 240 Neb. 432, 482 N.W.2d 281 (1992); *State v. Melton*, 239 Neb. 576, 477 N.W.2d 154 (1991).

## SCOPE OF REVIEW

An action to determine the validity of an annexation ordinance and enjoin its enforcement sounds in equity. See, *Sullivan v. City of Omaha*, 183 Neb. 511, 162 N.W.2d 227 (1968); *Wagner v. City of Omaha*, 156 Neb. 163, 55 N.W.2d 490 (1952). On appeal from a district court to an appellate court, an equity case is tried as to factual issues de novo on the record, requiring the appellate court to reach a conclusion independent of the findings of the trial court. However, when credible evidence conflicts, the appellate court may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *Johnson v. City of Hastings*, 241 Neb. 291, 488 N.W.2d 20 (1992).

## CONTIGUOUS AND ADJACENT REQUIREMENT

The City of Hastings is a city of the first class. Neb. Rev. Stat. § 16-101 (Reissue 1991). As such, it has the statutory authority to extend its city limits, subject to certain limitations. Neb. Rev. Stat. § 16-117 (Reissue 1987) provides:

> The corporate limits of a city of the first class shall remain as before, and the mayor and council may by ordinance, except as provided in sections 13-1111 to 13-1118, and amendments thereto, at any time, include within the corporate limits of such city any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character, and in such direction as may be deemed proper. Such grant of power shall not be construed as conferring power upon the mayor and council to extend the limits of a city of the first class over any agricultural lands which are rural in character.

Municipal corporations must exercise their power to annex

territory in strict accord with the statute conferring such power. See, *Johnson v. City of Hastings, supra*; *Doolittle v. County of Lincoln*, 191 Neb. 159, 214 N.W.2d 248 (1974). Thus, we begin our analysis by determining whether the annexation by the City pursuant to ordinance No. 3088 is in accord with the requirement of § 16-117 that annexed land must be contiguous or adjacent to the existing corporate limits of the city.

The landowners argue that their annexed property is not "contiguous or adjacent" to the then-existing corporate limits of the City. They claim that the City annexed a "narrow strip" of agricultural land, the Imperial Village property, in order to reach the landowners' residential property which is located approximately one-half mile west of the previous city limits. If the Imperial Village property, which lies between the former city limits and the landowners' property, is agricultural land which is rural in character, or if it is not contiguous or adjacent to the City, ordinance No. 3088 is invalid.

This court recently discussed the "contiguous and adjacent" requirement in annexation cases at length in *Johnson v. City of Hastings, supra*. The terms "contiguous" and "adjacent" have been used synonymously and interchangeably by the court. *Id*. See, also, *Village of Niobrara v. Tichy*, 158 Neb. 517, 63 N.W.2d 867 (1954). This court has held that "contiguity means that the two connecting boundaries should be *substantially* adjacent." *Johnson*, 241 Neb. at 295, 488 N.W.2d at 23. "Substantial adjacency" exists when " ' "*a substantial part of the boundary thereof is adjacent to a segment of the boundary of the city or village*. Adjacent . . . means contiguous **or** coexistent with." ' " *Johnson*, 241 Neb. at 296, 488 N.W.2d at 24, quoting *Tichy, supra*.

An examination of the several maps and plats admitted into evidence shows that the annexed Imperial Village property is approximately six blocks wide, not a narrow strip of land as the appellants contend. The entire eastern boundary of the annexed Imperial Village property is contiguous with the entire western boundary of a residential area in west Hastings, and in fact a preliminary plat as an addition to that residential area is on file. This meets this court's definition of "substantial adjacency." The Imperial Village property is adjacent to the

existing boundary of the City as required by § 16-117.

Turning to the remaining properties annexed by ordinance No. 3088, we note that the maps in evidence show the Highland Drive housing area and one Mankin property to be contiguous with the northwest corner of the Imperial Village property. The Hastings Regional Center property is contiguous with the southwest corner of the Imperial Village property. The second Mankin property is a triangular tract of land across 12th Street, north of the existing residential area referred to previously. The south side of the triangle borders 12th Street, which was also annexed by ordinance No. 3088 and which is adjacent to the existing boundary of the City.

All the property annexed by ordinance No. 3088 meets the contiguous and adjacent requirement of § 16-117.

### URBAN OR RURAL CHARACTER OF LAND

The appellants also contend that ordinance No. 3088 is invalid because much of the annexed property is not urban or suburban in character, but, rather, is agricultural land which is rural in character. The areas which the appellants allege to be agricultural are the Imperial Village tract and the two Mankin properties, all of which were being farmed at the time of trial.

The use of land for agricultural purposes is not dispositive of the character of the land for the purposes of § 16-117. This court has repeatedly held that " '[t]he use of land for agricultural purposes does not necessarily mean it is rural in character. *It is the nature of its location as well as its use which determines whether it is rural or urban in character.*' " *Omaha Country Club v. City of Omaha*, 214 Neb. 3, 6, 332 N.W.2d 206, 208 (1983), quoting *Sullivan v. City of Omaha*, 183 Neb. 511, 162 N.W.2d 227 (1968). Accord *Voss v. City of Grand Island*, 186 Neb. 232, 182 N.W.2d 427 (1970).

The evidence reflects that the Hastings airport is located immediately north of the Imperial Village property and immediately east of the Highland Drive housing area. The Highland Drive homes are within three-quarters of a mile of the Hastings airport terminal, and the two Mankin properties are located generally at the south end of the airport property. Orville Stahr, a planning consultant for the City, testified that

the airport is urban in character because its only reason for existence is its proximity to the City.

Stahr testified that the Highland Drive area is "very similar to other suburban areas in the City" and that in his opinion the area would be classified as suburban residential. This classification is supported by the evidence. One appellant who lives in the annexed Highland Drive area testified that he bought his home $10^1/2$ years previously and that his home was approximately one-half mile, or six city blocks, from the city limits both at the time he purchased the house and prior to annexation. The Highland Drive homes are within a mile, or 12 city blocks, of the Hastings Imperial Mall, which is located inside the City. The mall provides numerous services, including a movie theater, a restaurant, a full-scale grocery store, and a number of other shops. These are characteristics of an urban area, not a rural area.

Stahr also classified the Imperial Village property as suburban in character. There is a master plan for the area, and development of the area has occurred in stages. A preliminary plat of the development, showing individual residential lots, streets, and storm sewers, was filed in 1979. Particularly noteworthy is the fact that the developer has created a lake in the area, excavating for the lake in order to fill surrounding ground and make it more favorable for residential development. The property is within six blocks of the Hastings Imperial Mall and abuts an established residential development.

Stahr classified the two Mankin properties as being either urban or suburban in character. He based this opinion on the fact that both properties were quite small and unsuitable for extensive agricultural use and on their proximity to the Imperial Village property, which is being planned for residential development. Finally, Stahr testified that the Hastings Regional Center is an urban facility offering urban types of services.

We find, upon a de novo review of the record, that the close proximity of the annexed property to the airport and the shopping mall, the suburban nature of the Highland Drive area, and the development of Imperial Village, which has already commenced, are all indicators of the urban and

suburban nature of the annexed property. The district court correctly found that the annexed property is urban and suburban in character.

## PURPOSE OF ANNEXATION

Finally, the landowners claim that ordinance No. 3088 is invalid because the primary purpose of the annexation was to increase tax revenues for the City. The landowners argue that their conclusion is reasonable because the City failed to articulate any valid reason for the annexation, the City has provided no significant services to property owners in the area since annexation, and the landowners' property taxes have risen since the annexation.

The burden is on one who attacks an ordinance, valid on its face and enacted under lawful authority, to prove facts to establish its invalidity. *Johnson v. City of Hastings*, 241 Neb. 291, 488 N.W.2d 20 (1992); *Bierschenk v. City of Omaha*, 178 Neb. 715, 135 N.W.2d 12 (1965). Therefore, the burden is not upon the City to prove that it *did not* annex the landowners' property for the purpose of increasing tax revenues. Rather, the burden is upon the landowners to prove that the City annexed the property for an impermissible purpose.

The landowners offered no proof that the City annexed their property for the purpose of increasing tax revenues. A Highland Drive homeowner testified that residents of that area were not receiving any city services such as water and sewer, that city police patrol infrequently, that the City has not performed any street repair in the area, and that snow removal is still being done by the county.

However, the City disputed these assertions. The City's manager of utilities testified that water and sewer services were available to the Imperial Village area and that Highland Drive residents would be able to obtain city water and sewer services upon application of the residents and creation of a utilities district. He further testified that electrical service did not change upon annexation, but that residents of the annexed area were automatically switched to a residential urban rate, which is about 15 percent less than the rural rate previously paid.

The City's police chief testified that police patrolled the

Highland Drive area about twice a day, which he considered to be adequate.

The City's engineer testified that to his knowledge, no street repairs had been requested in the annexed area, although some maintenance had been done. In addition, the engineer's department had obtained a reduction of the speed limit on Highland Drive after complaints of excessive speed in the area. Speed limit signs had been installed.

The City's planning consultant, Stahr, who did the annexation analysis, testified that he took revenue issues into consideration, but only from the standpoint of fiscal responsibility. He testified that it would be fiscally irresponsible of the City to annex property for which it could not provide services. Stahr specifically denied that he recommended annexation so that the City could derive tax revenues from the Highland Drive property owners.

Although there exist some factual disputes between the landowners and the City as to the level of services provided to the landowners since annexation, we give weight to the fact that the district court saw the witnesses and made a factual determination in favor of the City. Additionally, the fact that the landowners' taxes increased after annexation is insufficient to prove that the annexation was for the purpose of increasing tax revenues. Accordingly, we find that the landowners have failed in their burden to show that ordinance No. 3088 was enacted primarily or solely for the purpose of raising revenue for the City.

## CONCLUSION

Since the landowners failed to prove that ordinance No. 3088 is invalid for any of the reasons they assigned, the district court's order dismissing the landowners' petition is affirmed.

AFFIRMED.

LANPHIER, J., participating on briefs.